THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. SPRENGER, Respondent, *v.* THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Appellant.

**New York city — board of health may not refuse permit for private hospital on sole ground of damage to values of surrounding property — mandamus proper remedy.**

1. The board of health of the city of New York has general jurisdiction over the establishment and maintenance of hospitals, including the licensing of hospitals. (L. 1901, ch. 466, § 1167; Sanitary Code City of New York, § 220.) But the authority conferred on the

14

board does not include, expressly or by reasonable implication, the power to refuse a permit to conduct a private hospital, when all other conditions are satisfactory and no offense to the senses is suggested, for the exclusive reason that "considerable damage would accrue to the surrounding property if the permit were granted."

2. The action of the board being unauthorized and, therefore, unreasonable and arbitrary, the petitioner's remedy was mandamus. (*People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187, 194, followed.)

*People ex rel. Sprenger* v. *Dept. of Health*, 187 App. Div. 890, affirmed.

(Argued April 8, 1919; decided April 15, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 31, 1919, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus commanding the defendant to grant to the relator a permit for a private hospital for the treatment of medical, surgical and obstetrical cases.

The facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel (Terence Farley* and *John F. O'Brien* of counsel), for appellant. It is the well-established general rule that only specific legal rights are enforceable by mandamus, and the right sought to be enforced must be certain and clear; it is one of the highest writs known to our jurisprudence and will not be issued in cases when the right is doubtful. (18 R. C. L. 128.) The power of the board of health to grant or to reject relator's application is discretionary. Its power is not limited exclusively to the subject of health. (Charter, § 1172; *People* v. *N. Y. Edison Co.,* 159 App. Div. 786; *People ex rel. E. C. T. Club* v. *State Ry. Comm.,* 190 N. Y. 21; *People ex rel. Knoblauch* v. *Warden,* 216 N. Y. 154.)

*Howard O. Wood, William G. Cooke* and *Louis A. Seitz* for intervening property owners. The health commissioner had power to refuse a permit on the ground

that a hospital would be prejudicial to the neighborhood. (N. Y. Sanitary Code, § 220; L. 1901, ch. 466, § 1172.)

*Ralph K. Jacobs* and *John J. Haggerty* for respondent. As the proposed site and building complied with all sanitary requirements for the care and treatment of the sick at the location named, all regulations of the department of health, board of estimate, laws relating to the subject-matter, as well as regulations of the building and fire departments, it was proper to direct the issuance of the writ of mandamus. (N. Y. Sanitary Code, § 220; L. 1901, ch. 466, §§ 1168, 1169, 1172; *People* v. *Fradenburgh*, 81 App. Div. 259.) The writ of mandamus is the proper remedy. (*People ex rel. Copcutt* v. *Board of Health*, 140 N. Y. 1; *People ex rel. Savage* v. *Board of Health*, 33 Barb. 344; *People ex rel. Trustees* v. *Board of Supervisors*, 131 N. Y. 468; *People ex rel. Lodes* v. *Department of Health*, 116 App. Div. 890.)

*Per Curiam.* The head of the department of health of the city of New York is the board of health. (Charter [Laws of 1901, ch. 466], § 1167.) The sanitary code enacted by the board of health provides (§ 220) that no person shall conduct a private hospital without a permit therefor issued by the board of health. The regulations of the department of health provide that the proposed site and sanitary condition of the hospital building shall be subject to the approval of the department of health. The charter of the city provides (§ 1172) that " the board of health may embrace in said sanitary code all matters and subjects to which, and so far as, the power and authority of said department of health extends, not limiting their application to the subject of health only." The board has general jurisdiction over the establishment and maintenance of hospitals, including the licensing of hospitals. On an application for a permit, it should consider and give

proper weight to all the ordinary contingencies and circumstances appropriate to the subject which require the exercise of discretion   The element of location may be material.   The effect of a proposed location on property values in the neighborhood need not be wholly disregarded and may even become decisive in a case otherwise doubtful.   But the authority now conferred on the board does not include, expressly or by reasonable implication, the power to refuse a permit, as has been done in this case, when all other conditions are satisfactory and no offense to the senses is suggested, for the exclusive reason that " considerable damage would accrue to the surrounding property if the permit were granted."   That reason considered alone came not legally within the scope of its discretion.   The property rights of one owner may not be subordinated to the property rights of his neighbors, except as an incident to the exercise of authority reasonably conferred for the general welfare.

The question of legislative power wholly to exclude hospitals, such as hospitals for contagious diseases or for the treatment of inebriates or the insane, from particular places, such as thickly populated or fine residential districts, is not before the court.

The action of the board was, as the law now exists, unauthorized and, therefore, unreasonable and arbitrary, the relator's remedy is mandamus (*People ex rel. Lodes* v. *Department of Health, N. Y. City*, 189 N. Y. 187, 194), and the order appealed from should be affirmed, with costs.

Hiscock, Ch. J., Chase, Hogan, Cardozo, Pound, McLaughlin and Andrews, JJ., concur.

Order affirmed.