In the Matter of the Application of HENRY C. PECK and Another for an Order of Mandamus.

Supreme Court, Monroe County, March 22, 1930.

*Lynn Brothers,* for the petitioners.

*Spencer, Ogden & Spencer,* for the respondents.

RODENBECK, J.   In this application the petitioners are attacking
the validity of ordinances adopted by the town board of the town
of Brighton relating to the erection of gasoline stations.   The
petitioners claim that the town board, in adopting these ordinances,
acted unreasonably, arbitrarily and unlawfully in that they were
adopted, not for the general good, but to accomplish some purpose
foreign to the interests of the town, constituting improper motives
and bad faith on the part of the town.   Such action, if it should be
established, would constitute a perversion of the functions of the
board, and be tantamount to a fraud.   The petitioners claim that
these ordinances are void and that there is no legal objection to
their petition for permission to erect the gasoline station.   The
allegations of the petition, which are denied in the affidavits filed
in opposition, raise issues which can only be tried out in an alterna-
tive mandamus.   (Civ. Prac. Act, § 1319.)   The validity of the
ordinances may be tested in this way.   (2 Dillon Mun. Corp.
[5th ed.] § 646.)   In such a proceeding the reasonableness and
validity of the ordinances may be determined.   (*People ex rel.
Sprenger* v. *Department of Health*, 226 N. Y. 209; *People ex rel.
Lodes* v. *Department of Health*, 189 id. 187.)

The word "writ" was abolished when the Civil Practice Act
was adopted and the term "order" substituted in its place, a
change of form without special substance, designed to lull to sleep
the opposition to the preservation of special proceedings in the
general practice.

In support of its suggestion to abolish these special proceedings
the Board of Statutory Consolidation said: "In the reform of
procedure from the common-law practice, one of the first steps was
the abolition of the different forms of actions and the establishment
of one form of action.   The simplification in the forms of actions
was one of the radical changes introduced in the practice of this
State by the Code of Procedure of 1848.   Another change in the
same direction accomplished by the code of 1848 was the trans-
formation of special proceedings into actions.   The special pro-
ceedings in the Code of Civil Procedure are relics of the old practice
and the practice in them so far as practicable should be made to
conform to the practice in an ordinary action.   It is as confusing
to have several kinds of proceedings each adapted to a particular
form of relief as it was under the common-law practice to have so
many forms of actions from which the practitioner was bound at
his peril to make a selection for his particular case."   (Report of the
Board of Statutory Consolidation [1915], vol. 1, p. 168, note 3.)

A section suggested by the Board in its proposed Civil Practice
Act should be adopted: "There shall be but one form of proceeding

under this act in the courts subject thereto, which shall be called an ' action; ' but proceedings not in the form of actions specially regulated by other statutes are preserved and shall be called ' special proceedings.' " (Report of the Board of Statutory Consolidation [1919], p. 9, § 4.)

The provision relating to summary judgment, in the interests of expedition, could be made applicable to the relief sought in these special proceedings.

The application for the peremptory order is denied, and an alternative order of mandamus is directed to be issued.