ROSE E. KELLER ET AL., RELATORS, v. BOARD OF COM-
MISSIONERS OF THE TOWN OF IRVINGTON ET AL.,
RESPONDENTS.

Argued October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *Donald M. Waesche* (*Mark A. Sullivan,* of
counsel).

For the respondents, *Charles H. Stewart.*

PER CURIAM.

This is an application for a writ of *mandamus* requiring
the respondents to grant to the relators a permit to install
gasoline tanks and pumps, and to construct a building on the
relators' premises, located on the corner of Springfield avenue
and Harrison Place, in Irvington.

The plot upon which the relators desire to construct the
gasoline service station is located in a business zone, as laid
out and defined in a zoning ordinance of the town of Irving-
ton, a section of which ordinance provides that a building
may be used as a gasoline supply station in a business zone.

An ordinance numbered 132 of the town of Irvington
provides for the regulation and control of the storage, use
and sale of explosives, combustible and inflammable material,

and also contains a section requiring a license in order to keep, sell, use or handle such material, including gasoline.

The relators submitted an application for a license to keep such inflammable and explosive materials upon their premises, and the license was refused by the commissioner of public safety of the town, upon the grounds that the location of a gasoline station upon the relators' premises was hazardous to public travel, and because there were already three gasoline stations in the immediate neighborhood, which were sufficient to supply the public requirements. This latter reason has been abandoned upon the argument, so that the only ground upon which the refusal of the permit to keep combustibles is based is that a gasoline station at that particular corner would be a public menace, because of the increased traffic congestion thereat. This was one of the reasons given to justify the refusal of a building permit in a somewhat similar case. *Morgan* v. *Board of Commissioners of Collingswood,* 6 *N. J. Adv. R.* 84.

Whether this reason, standing alone, would warrant the refusal of the license applied for under the ordinance we do not think it necessary now to decide. *Larkin* v. *Schwaab,* 242 *N. Y.* 330; 151 *N. E. Rep.* 637, 640.

The writ of *mandamus* will not lie to compel the issuance of a building permit in this instance, because no application for such permit has been made. *English* v. *City of Asbury Park,* 115 *Atl. Rep.* 64.

Conceding for the purposes of the case that the town superintendent of buildings stated that he would not issue a permit for the construction of a gasoline supply station until a license to keep combustibles had first been obtained, we are pointed to no provision of the building code of the town requiring such license as a condition precedent to the issuance of a building permit. The superintendent of buildings upon independent advice, or upon his own volition, may peradventure have changed his mind upon this subject, and might have granted the permit if the same has been applied for.

It may also be remarked that the court would not be inclined to grant the writ of *mandamus* to compel the issuance

of a license for the keeping of combustibles before the plans and specifications for the service station had been submitted to the proper department for approval.

The writ of *mandamus* in any event is a discretionary writ and will not be allowed in doubtful cases, and unless the clear legal right to the same is made manifest by the applicant; nor will it be ordered when the result of its operation would be to create disorder and confusion rather than to settle or remedy a clear existing legal right. *High Extr. Rem.* 47; *State* v. *Newark*, 35 *N. J. L.* 396; *Secaucus* v. *Kiesewetter*, 83 *Id.* 227.

The result is that the application for a writ of *mandamus* will be denied.