EMMA C. ANDERSON, RELATOR, v. THE TOWNSHIP OF SCOTCH PLAINS, IN THE COUNTY OF UNION; ALEXANDER MUIR, GEORGE L. DELATOUR, JR., AND ALEXANDER CAMPBELL, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF SCOTCH PLAINS, RESPONDENTS.

Submitted May 15, 1931—Decided November 12, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *Bassin & Bassin* (*Harry Wellchek*, of counsel).

For the respondents, *Walter L. Hetfield, Jr.* (*Francis A. Gordon*, of counsel).

PER CURIAM.

This is a rule to show cause requiring the township of Scotch Plains to show cause why a writ of *mandamus* should not issue directing the respondents to issue a permit to the relator "for the construction and/or maintenance of any tanks or other containers for the storage of gasoline and for the erection and maintenance generally of a gasoline service station."

The application was denied by the township committee, and we think properly so. Ordinance 24 of Scotch Plains provides that the township committee "in its discretion may refuse to grant permits for the construction or maintenance of any (such tank or other container, if, in its judgment the same would be detrimental or dangerous to the best interests of the township." That language, notwithstanding the criticism of the relator, we think is not objectionable. It calls for the exercise of a reasonable judgment of the committee.

Now let us see whether the judgment exercised was a reasonable judgment as the respondents contend, or an abuse of discretion as the relator contends. The relator neglected to submit any plans showing the location of the tanks and their size, although section 8 of the ordinance expressly requires the applicant so to do when applying to the township committee under this ordinance. Even at the time of the hearing the relator did not know the size of the tanks, although she then said there would be three tanks.

We think the committee could not well be expected to grant a permit for three tanks without knowing what size they would be.

Moreover, section 4 of Ordinance No. 9 requires that plans and specifications for plumbing work for the building which relator proposed to erect shall be filed separately with the board of health of the township and be approved by the proper officer of the board. No such plans or specifications were so filed and no such approval was had.

In *Keller* v. *Commissioners of Irvington,* 143 *Atl. Rep.* 738, the court pointed out that a writ to compel the issuance of a permit to keep combustibles should not be granted before the plans and specifications of the service station had been submitted to the proper department for approval.

Other objections to the issuance of the writ of *mandamus* applied for have been argued, but, in view of what we have already said, it seems unnecessary to discuss them.

The writ applied for must be denied for the reasons given, and the rule to show cause discharged, with costs.