In the Matter of the Application of HENRY SILVERMAN, Petitioner, Respondent, for a Mandamus Order against THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and THE BOARD OF HEALTH OF THE CITY OF NEW YORK, Appellants.

First Department, December 23, 1937.

*David I. Shivitz* of counsel [*Paxton Blair* and *Arthur A. Armstrong* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellants.

*Charles Horowitz*, for the respondent.

O'MALLEY, J.   The peremptory order of mandamus from which the defendants, the department of health and the board of health of the city of New York, appeal, directs the defendants to rescind their action of June 9, 1936, (1) denying to Silverleaf Creamery, Inc., a permit to sell milk and milk products in the city of New York; (2) excluding its pasteurizing plant as an approved source of milk supply, and (3) barring Henry, Aaron, Morris and Irving Silverman and also Joseph Sheldon and Silverleaf Creamery, Inc., from engaging in the milk and milk products business in the city

of New York. The order was made at Special Term upon a verdict of a jury rendered on a trial of an alternative order of mandamus.

The application for the alternative order was made upon the petition of Henry Silverman, pasteurizing supervisor of the Silverleaf Creamery, Inc. (hereinafter referred to as the corporation), and supporting affidavits of Aaron Silverman and Irving Silverman, president and secretary, respectively, of the corporation, Morris Silverman, a brother of Henry, and one of its employees, and Joseph Sheldon, a former officer and director, but who claimed at the time of the application to have disposed of his financial interest therein.

The petition shows that the corporation had a permit from the board of health in 1935, but that its application for a permit in 1936 was denied by resolution of the board on June 9, 1936. The petitioner Henry Silverman alleges that he has been in the milk business for some twenty-seven years and has always conducted it properly; that the resolution referred to also barred the petitioner, his son Irving, his brothers Aaron and Morris and Joseph Sheldon from engaging in the milk business; that the action of the board was illegal, arbitrary, unjust and unreasonable and that petitioner was given no opportunity to present evidence or cross-examine witnesses; that petitioner has been excluded from the only business with which he is familiar and that he is now out of employment. The alternative order issued on this petition directed in substance that the board of health rescind its action of June 9, 1936, or show cause why the command should not be obeyed.

The defendants in their return, after denying various allegations of the petition, pleaded defenses upon which they justified their action. The first is to the effect that the corporation was guilty on various occasions of using butter in the manufacture of sour cream; that between January 1, 1935, and June 1, 1935, it purchased 3,709 pounds of butter which was so used and that the petitioner Henry Silverman and Morris Silverman were present on various occasions when such prohibited product was used.

The second is to the effect that the corporation and all individuals affected by the resolution have operated under several different corporate titles and have used registered names in the conduct of their business during the past few years; that they have carried on business under the name of Silverman Brothers Milk Products Co., Inc., Silverleaf Dairy Co., Inc., Silverleaf Farm Milk Corp., Silverleaf Creamery, Cloverleaf Farms Dairy Co., Inc., and finally under the corporate name of Silverleaf Creamery, Inc.; that numerous prosecutions were had against these corporations, firms and individuals for violations of the Sanitary Code and of

the rules and regulations of the health department, with many resulting convictions. The third defense alleged that satisfactory proof had been presented to the board of health to establish that the corporation and all the individuals against whom the resolution runs, were not qualified and proper persons to engage in the milk and milk products business; and the fourth, that the action of the board of health in denying a permit to the corporation to sell milk and milk products and barring the several individuals named in the resolution from engaging in the milk and milk products business in any capacity was just, reasonable, legal and a proper exercise of the discretionary powers imposed upon it for the preservation and protection of the public health.

At the opening of the trial the return was amended to include two additional defenses to the effect (1) that the corporation, its agents, officers and employees, had been guilty of adulterating skimmed condensed milk; and (2) that the corporation, its agents, officers and employees adulterated cream in violation of the provisions of the Sanitary Code.

In urging reversal of the order the defendants contend that the petitioner failed to sustain the burden of showing that the action of the board of health was illegal and accordingly the defendants were entitled to a dismissal of the petition and judgment in their favor at the close of the evidence; that in any event the findings of the jury in petitioner's favor were against the weight of the evidence; and finally, that there was reversible error committed by the trial justice in his charge to the jury.

Defendants contend that the following defenses relied upon were fully established by a preponderance of the credible evidence, to wit, the record of past violations by the Silvermans and their companies; the use of butter in the manufacture of sour cream, and the adulteration of condensed milk and cream at the place of business of the corporation.

In the view we take of the questions presented we deem it unnecessary to review at length the mass of evidence relied upon by the defendants to support these defenses. While the petitioner and the individuals who joined him in supporting his application denied the charges of adulteration of cream and condensed skimmed milk and the use of butter in sour cream, their evidence was not convincing. Respecting the last charge in which it was claimed by the defendants that the corporation had purchased and had delivered to it at its plant 3,709 pounds of butter during the first six months of 1935, the explanation attempted was that the purchases had been made by Morris Silverman, unknown to the corporation, for

the convenience of a friend named Nelson; that while the butter would be brought by Morris Silverman to the corporation's plant in its refrigerated truck, it was not brought within the plant, but left outside in the truck where it would be picked up by Nelson the following morning. It was significant that Nelson was not called by the petitioner as a witness. Moreover, the corporation itself in June, 1935, reported the theft of a truck containing among other things nine cartons of sweet butter.

It is quite obvious that the issue of guilt of petitioner, the corporation and the other individuals concerned, of all charges on which the defendants relied, was closely contested; and if we had been sitting as triers of the fact we would have been inclined to have resolved it in favor of the defendants. Whether the jury's verdict was not clearly against the weight of the evidence presents a grave question.

In this connection it is to be borne in mind that the orders of the board of health are to be treated as *prima facie* just and legal (Greater New York Charter, § 1173; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187, 195), and the statute (§ 1173, *supra*) " imposes upon persons who question the orders of the board of health in such cases the duty of establishing that the facts upon which they are based do not exist, or that the orders themselves are beyond the authority given to the board by the law." (*Golden* v. *Health Department of City of N. Y.,* 21 App. Div. 420, 424.)

However, we choose to base a reversal upon another ground. In his main charge the trial justice in substance instructed the jury that the petitioner had the duty to establish that the facts upon which the defendants based their decision did not exist, or that they did not warrant the action taken; and further specifically charged: " If you find that the facts were not true, *or if you find that the facts were true but did not warrant such action,* in your opinion, then your verdict would be for the plaintiff." (Italics ours.)

To this charge the defendants' counsel duly excepted. It is clear that its effect was to permit the jury to find in favor of the petitioner, even though they should find the facts upon which the board of health acted to be true, if, in their opinion, such facts did not justify the action taken.

It is well settled that the members of the board of health have power to issue or revoke permits to sell milk in the exercise of their best judgment, with or without notice, based upon such information as they may obtain through their own agencies, and that their action is not subject to review, unless it is arbitrary, tyrannical and unreasonable, or is based upon false information. (*People ex rel. Lodes* v. *Department of Health, supra.*)

It was clearly error, therefore, to permit the jury to substitute its judgment for that of the board of health in so far as it acted upon information true in fact and upon reasonable grounds in the exercise of a fair legal discretion. Action so taken is not subject to collateral attack either by court or jury. (*Message Photo-Play Co., Inc.,* v. *Bell,* 179 App. Div. 13, 19, 20. See, also, *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330, 335.)

In the new trial which we are ordering, we are of opinion that there should be submitted to the jury only questions of fact raised by the return, with respect to the truth or falsity of the information allegedly before the board, and upon which its action was predicated. If the findings upon these issues are in favor of the petitioner, he will be entitled to a peremptory order. If, on the other hand, they are resolved wholly or in part in favor of the defendants, the Special Term, upon the application for a final order by either party, will be required to determine whether the action of the board was arbitrary, unreasonable or tyrannical within the purview of *People ex rel. Lodes* v. *Department of Health (supra),* and other cases cited.

It follows, therefore, that the final order appealed from should be reversed as indicated and a new trial ordered in accordance herewith, with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Final order appealed from unanimously reversed as indicated in opinion and a new trial ordered in accordance therewith, with costs to the appellants to abide the event. Settle order on notice.