In the Matter of the Application of Larkin Co., Inc., Respondent, for a Peremptory Order of Mandamus against Frank X. Schwab, as Mayor of the City of Buffalo, et al., Appellants.

Buffalo (city of) — municipal corporations — license — mandamus — council of city of Buffalo has power to prohibit or regulate storage within city of gasoline in dangerous quantities — ordinance providing that no consent should be granted for installation of tanks beyond certain capacity except upon vote of four-fifths of council valid — power to issue order of mandamus for license — courts may not formulate standards to be used in exercise of discretion — that consents were granted to others similarly situated does not of itself show that refusal of consent to petitioner was arbitrary — courts may not interfere with refusal of permit, in exercise of discretion.

1. Under the provisions of the charter of the city of Buffalo the council has unquestioned power to prohibit or regulate the storage within the city of gasoline in dangerous quantities and an ordinance adopted by said council which regulates the transportation and storage of gasoline, entirely prohibits its storage under certain conditions without the consent of the council and provides that " no consent for the burying of a tank in excess of five hundred and fifty gallons capacity shall be granted except by a vote in favor thereof of at least four-fifths of the members," is valid.

2. In considering the power to issue a mandamus order for license, permit or consent, the courts must take into consideration the limits of the discretion which under the statute or ordinance is vested in the administrative body. The courts may not interfere with discretion as to when exception shall be made, nor formulate standards to be used in the exercise of that discretion; they may interfere only when it is clearly shown that refusal is based solely upon grounds which as matter of law may not control the discretion of the administrative body.

3. That consent was arbitrarily refused to an application of petitioner for permission to install tanks of large capacity upon its premises for the storage of gasoline is not shown by the mere fact that consents were granted to owners of premises somewhat similarly situated. The question is not whether some one else has been favored. It is

whether the petitioner has been illegally oppressed.  Exercise of discretion in favor of one confers no right upon another to demand the same decision.

4. Where, in the exercise of its discretion, the council of the city of Buffalo, refused the application of the petitioner, not alone because user of the consent would involve interference with traffic, but because in view of such interference the public benefit to be derived from consent does not outweigh the disadvantages that are connected with the storage, the courts may not interfere with the discretion so exercised. (*Matter of Picone* v. *Comr. of Licenses*, 241 N. Y. 157; *People ex rel. E. C. T. Club* v. *State Racing Comm.*, 190 N. Y. 31, distinguished.)

*Matter of Larkin Co.* v. *Schwab*, 215 App. Div. 751, reversed.

(Argued March 4, 1926; decided March 30, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 11, 1925, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel the defendants to issue a permit to the petitioner for the installation of gasoline storage tanks upon certain premises in the city of Buffalo.

*Frederic C. Rupp*, Corporation Counsel (*Andrew P. Ronan* of counsel), for appellants.  The ordinance regulating the storage of oil and gasoline is a valid exercise of the police power of the city of Buffalo. (*Fischer* v. *City of St. Louis*, 194 U. S. 361; *Davis* v. *Massachusetts*, 167 U. S. 43; *Wilson* v. *Eureka City*, 173 U. S. 32; 2 Dillon on Mun. Corp. § 598.)  The council has the right to determine the location of gasoline stations. (*City of Buffalo* v. *Hill*, 79 App. Div. 402; *People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96.)  The action of the council in refusing this permit was not arbitrary or capricious. (*Standard Oil Co.* v. *City of Minneapolis*, 204 N. W. Rep. 165.) The granting or withholding of the consent of the council in this matter was absolutely discretionary. (*People ex rel. Durham R. Corp.* v. *LaFetra*, 230 N. Y. 429;

*Lincoln Trust Co.* v. *Williams Building Corp.,* 229 N. Y. 313.)

*John Lord O'Brian* and *Ralph Ulsh* for respondent. The Larkin Company, as an abutting owner on Bailey avenue, has an easement of unrestricted access to its property for business purposes. This is property of which it cannot be deprived except by due process of law and upon payment of compensation. (*McMillan* v. *Klaw & Erlanger Const. Co.,* 107 App. Div. 407; *Kane* v. *N. Y. E. R. R. Co.,* 125 N. Y. 164; *Lahr* v. *Met. El. R. R. Co.,* 104 N. Y. 266; *Peace* v. *M'Adoo,* 46 Misc. Rep. 295; 110 App. Div. 13; *People ex rel. Winthrop* v. *Delaney,* 120 App. Div. 801; *Waldorf-Astoria Hotel Co.* v. *New York,* 212 N. Y. 97; *Forster* v. *Scott,* 136 N. Y. 577.) The city cannot under an ordinance requiring permits for the storage of inflammables deprive the respondent of the right of access to its property from Bailey avenue or regulate traffic. (*Matter of Picone* v. *Comr. of Licenses,* 241 N. Y. 157; *People ex rel. C. H. Realty Co.* v. *Stroebel,* 209 N. Y. 434; *People* v. *Green,* 85 App. Div. 400; *City of Buffalo* v. *Kellner,* 90 Misc. Rep. 407; *City of Buffalo* v. *Collins Baking Co.,* 39 App. Div. 432.) The action of the city council in refusing a permit was unreasonable, arbitrary and discriminatory and not in the exercise of any lawful discretion. (*Lees* v. *Cohoes Motor Car Co., Inc.,* 122 Misc. Rep. 373; *People ex rel. Empire City Trotting Club* v. *State Racing Commission,* 190 N. Y. 31; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *People ex rel. Cosby* v. *Robinson,* 141 App. Div. 656.)

LEHMAN, J. In May, 1924, the petitioner Larkin Co., Inc., made application to the council of the city of Buffalo for permission to install upon certain premises it occupied two submerged tanks for the storage of gasoline of the capacity of 10,000 gallons each. The city council denied

this application, but a peremptory mandamus order has been granted at Special Term and affirmed by the Appellate Division commanding the council to issue a permit authorizing the Larkin Co., Inc., to install upon its premises " two submerged tanks for gasoline of the capacity of 10,000 gallons each, and to construct and operate upon said premises a gasoline filling station and accessory house."

Under the provisions of the charter of the city of Buffalo the council has unquestioned power to prohibit or regulate the storage within the city of gasoline in dangerous quantities. Pursuant to these powers the council adopted an ordinance which regulated the transportation and storage of gasoline, and entirely prohibited its storage under certain conditions without the consent of the council. The ordinance states that " no consent for the burying of a tank in excess of five hundred and fifty gallons capacity shall be granted except by a vote in favor thereof of at least four-fifths of the members." It provides further that such consents may not be given under certain conditions, but it does not attempt to set forth conditions under which it shall be granted. The application of the petitioner shows that none of the conditions are present which, under the terms of the ordinance, would place granting of consent by the council beyond its powers. The council has concededly the power to act; it chooses not to do so. The mandamus order has been granted because the courts have held that refusal to act is unreasonable, and that as a matter of law upon conceded facts the petitioner is entitled to a permit, and no room is left for the exercise of the discretion of the council in granting or refusing its consent.

Before we consider the circumstances surrounding the council's denial of petitioner's application in this particular case, we should determine the extent of the powers and duty of the council under the ordinance. The ordi-

nance fixes no standards which must govern the determination of the council as to when its consent should be granted or withheld. The ordinance is not invalid for this reason. The council, acting in its legislative capacity, had power to prohibit entirely the storage of gasoline in large tanks within the city limits, if in its opinion the danger and disadvantage arising therefrom outweighed the benefits which might be derived from permitting such storage. It decided to prohibit storage in tanks of over five hundred gallons capacity, except where consent was thereafter given in special cases. It might in the ordinance have provided that the dispensing power should be exercised in accordance with formulated standards; it preferred to make determination of whether consent should be granted in any special case, dependent upon the facts of that case. The council, acting in its legislative capacity, enacted that the dispensing power should be vested in the same body that enacted the statute. Such statute is valid. (*Fischer* v. *St. Louis*, 194 U. S. 361.) It makes a general rule, but maintains the right to create exceptions. It does not deny to any person the equal protection of the laws nor deprive him of liberty or property without due process of law. It places upon all alike the prohibition against the use of large tanks within the city, except where four of the five members of the council shall grant consent. It assumes that the council will exercise its discretion honestly, without unreasonable discrimination against particular persons or classes, and solely as the result of decision that special circumstances dictate exception to general rule. The purpose of the statute is to authorize discrimination on reasonable grounds, for the purpose of granting consent. An applicant is deprived of his rights only when unreasonable discrimination is shown to dictate the refusal. The courts may not interfere with discretion as to when exception shall be made, nor formulate standards to be used in the exercise of that discretion; they may

interfere only when it is clearly shown that refusal is based solely upon grounds which as matter of law may not control the discretion of the council.

In considering the power to issue a mandamus order for license, permit or consent, the courts must take into consideration the limits of the discretion which under the statute or ordinance is vested in the administrative body. Refusal to grant a permit must be considered arbitrary where based solely upon grounds which under the statute the administrative body may not consider. Under some statutes license to conduct a lawful business must be granted to any applicant of good character who complies with definitely formulated conditions. Refusal to grant a permit to a qualified applicant who complies with these conditions but fails to comply with other conditions which the administrative body seeks to impose, is arbitrary as matter of law. (*Matter of Picone* v. *Comr. of Licenses*, 241 N. Y. 157.) The additional condition might prove of public benefit, but the licensing authority had no power to impose it. So in *People ex rel. E. C. T. Club* v. *State R. Commission* (190 N. Y. 31) the applicant was concededly entitled to a license, except for conditions which the licensing body had no power to impose. Here the body empowered to grant consent is the same body as enacted the ordinance. That consent may be granted only under exceptional circumstances. Preliminary conditions must be fulfilled before the consent may be granted, but no conditions are formulated, expressly or implied, under which it must be granted thereafter. That is left to untrammeled, but of course not capricious discretion of the council. As the field of discretion of the council in regard to circumstances which dictate granting of consent is enlarged, opportunity for the intervention of the courts becomes restricted. Into the field of legislative or administrative discretion the courts may not enter. Before mandamus order may issue, proof must be made that denial was based solely upon ground which

may not affect even untrammeled discretion of the board.

The applicant in this case shows that it has complied with the preliminary conditions laid down in the ordinance without which the council might not grant consent. It shows further that it desires to use the gasoline in connection with a " drive-in " filling station on its premises, and that similar licenses have been granted upon application of other parties whose premises were situated as near to a railroad as this applicant's premises, and where danger from storage of gasoline was at least as great. It shows other facts which would tend to prove that a grant of consent would have no injurious effect upon the health, welfare or convenience of the general public, or of the owners and occupants of neighboring premises.

The mere fact that consents were granted to owners of premises somewhat similarly situated does not in itself show that consent was arbitrarily refused to this applicant. The question is not whether someone else has been favored. The question is whether the petitioner has been illegally oppressed. Exercise of discretion in favor of one confers no right upon another to demand the same decision. Unlimited discretion vested in an administrative board by ordinance is not narrowed through its exercise. Calculated failure to lay down general standards in the ordinance should not be nullified by interpretation that each case passed upon creates a standard that must be generally followed thereafter. The council may refuse to duplicate previous error; it may change its views as to what is for the best interests of the city; it may give weight to slight differences which are not easily discernible. There are, of course, extreme cases where analogy is so complete, where grant of consent under similar circumstances has been so frequent, both before and after refusal in one instance, that inference arises that the refusal is the result of unfair discrimination and oppression. Especially is this true where strong reason

is made out for granting the consent. In such case, perhaps, the courts may call upon the dispensing power to rebut such inference. We do not in this case decide whether or not the facts shown are sufficient for this purpose. The city council has explained its reasons; we proceed upon the assumption that they are the reasons why consent was not granted.

These reasons may be briefly summarized as follows: *First,* ingress to the " drive-in " station where the gasoline is to be stored is on a curve of almost ninety degrees and on a down grade. *Second,* " a gasoline station storing 20,000 gallons of gasoline would be a very dangerous proposition located between two railroads, on the north by the Pennsylvania Railroad and on the south by the Lehigh Valley Railroad." It denies that the consent granted to other applicants which this petitioner relies upon to prove discrimination " were made under circumstances substantially similar to those affecting the location of the petitioner, and alleges that none of the applications to which reference has been called is in any way similar to the application of the petitioner herein, in that none of them is situated upon such a dangerous curve on a down grade."

The courts below have construed the answering affidavits as admitting that the sole ground for refusing consent is that the entrance to the proposed gasoline station is on a curve or down grade and is, therefore, dangerous to other traffic upon the busy highway where the premises are situated. That construction is somewhat too narrow. The defendant does not say that the storage of gasoline is not dangerous in proximity to railroads; it says it is dangerous, but that in other cases in the exercise of discretion it chose nevertheless to grant consent, while in this case it chooses not to grant that consent because to the danger from the gasoline itself would be added the danger to traffic from cars turning

22

[242 N. Y. 330]          Opinion, per LEHMAN, J.          [Mar.,

off. The ordinance does not impose upon the council expressly or impliedly the duty to grant consent for the storage of large quantities of gasoline wherever such gasoline is stored at a certain distance from a railroad or even whenever the council finds that the gasoline may be stored without unusual or unnecessary danger. If danger of fire or explosion were the only factor to be considered, then it would seem that regulation would be more effectively secured by general standards or by requiring approval of the fire department. The ordinance itself shows that consent was to be given only under unusual circumstances which satisfy four out of five members of the council that it should be given. It presupposes that storage of gasoline in quantities may be a source of danger and a disadvantage to the city. It imposes upon the council the duty of determining when this disadvantage is outweighed by the advantage to be derived from granting consent in special cases. The property owner has a right of access from the street to his premises for convenience, pleasure or business. We assume for the purposes of this case, without further consideration, that the city may not confer upon a board the right to prohibit appropriate use of particular premises when the board thinks such use would obstruct or endanger other traffic. Even though that be true, yet if consent for storage of gasoline would produce interference with or danger to traffic, that is a matter which may legitimately enter into consideration of the council when called upon to determine whether it shall in a particular case dispense with the general prohibition against such storage. Though that reason considered alone might not come within the scope of the discretion of the council, it " need not be wholly disregarded and may even become decisive in a case otherwise doubtful." (*People ex rel. Sprenger* v. *Dept. of Health*, 226 N. Y. 209.)

The proof shows that discretion of the council has been exercised under similar circumstances; it does not

show that in those cases it was wisely exercised; certainly even in those cases the council might have refused consent if it had seen fit. In the exercise of its discretion it refuses the application of this petitioner, not alone because user of the consent would involve interference with traffic, but because it holds that in view of such interference the public benefit to be derived from consent does not outweigh the disadvantages that are connected with the storage. The courts may not interfere with discretion so exercised.

The orders should be reversed and the petition dismissed, with costs in all courts.

HISCOCK, Ch. J., McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., absent; POUND, J., not voting.

Orders reversed, etc.