In the Matter of GREEN POINT SAVINGS BANK, Respondent, against BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD et al., Appellants.

HAROLD WALTERS et al., Interveners, Appellants.

Argued September 26, 1939; decided November 28, 1939.

*James N. Gehrig* for Stephen A. Bedell et al., constituting the Board of Zoning Appeals of the Town of Hempstead, appellants.

*Frederick W. Shaw* and *W. Wesley Hill* for Harold Walters et al., appellants.

*Malvin B. Mariash* for respondent.

FINCH, J. This is a certiorari proceeding by a property owner to require the Board of Zoning Appeals of the town of Hempstead to revoke the building permit and the certificate of occupancy for a gasoline station issued by the building inspector to the interveners. The Appellate Division has granted the relief demanded by petitioner on the ground that the applicable provisions of the Zoning Ordinance of the Town of Hempstead are unconstitutional and contrary to section 262 of the Town Law (Cons. Laws, ch. 62) for lack of uniformity, and that, consequently, permits issued pursuant to such ordinance are void. From that order the Board of Zoning Appeals and the interveners now appeal.

The land of the interveners is located in a district zoned for business purposes. With respect thereto the Zoning Ordinance provides:

" 701. A building may be erected, altered or used and a lot or premises may be used for any of the following purposes and for no other:  *  *  *

" 10. Public or Minor Garage; Sales, Service and Repair Shop; Gas Filling Station and Battery and Tire Service Station, when approved by the Town Board.  *  *  *."

There is also in force in the town of Hempstead another ordinance entitled " an Ordinance Regulating the Storing of Inflammable Materials," which was adopted on May 8, 1934.

Petitioner contends that the provision in section 701 (10) of the Zoning Ordinance, " when approved by the Town Board," reserved to the Town Board power to act in an arbitrary or discriminatory manner, and hence is void (N. Y. Const., art. 1, §§ 6, 11); and, further, that any permits issued for the use of land pursuant to such provision of the Zoning Ordinance would also be void and such use would be illegal. On the other hand, the Board of Zoning Appeals and the interveners contend that the permits were issued under the ordinance relating to the storage of inflammable materials and not the Zoning Law; and that in any event the provision, " when approved by the Town

Board," may be read in conjunction with the requirement for a permit under the ordinance concerning inflammables. More important than either of the foregoing contentions is the contention of appellants that it is not unconstitutional for the Town Board to permit the use of land for a gasoline station subject only to its own consent.

In the case at bar we are dealing only with the right to operate a gasoline service station when approved by the Town Board. To this extent this ordinance is undoubtedly valid. A gasoline service station necessarily involves the storage and use of gasoline and oil, which are so highly inflammable and explosive that they increase the danger of fire no matter how carefully planned are the governmental regulations and supervision. Although needed and lawful buildings, their character is such that regulation as to the place of erection and the use is well within settled principles of the police power.

Here we have the State authorizing the local legislative body, the Town Board, to enact a zoning ordinance. Zoning is a proper subject for legislative regulation by the Town Board. It is a legislative power residing in the State which may be delegated to the Town Board. In enacting the ordinance the Town Board might have prohibited altogether a gasoline service station in a business district. Instead, the ordinance did not prohibit, provided. the use was approved by the local legislative body which enacted the ordinance. There is not presented a case for the canalization of standards to guide an administrative body, for here the power of approving the use was retained by the legislative body. Where the approval is thus lodged in the local legislative body, and where the matter is one which may endanger the safety of persons and property, there need not be formulated standards for the dispensing power, and the ordinance is constitutional. (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Fischer* v. *City of St. Louis,* 194 U. S. 361; *Storer* v. *Downey,* 215 Mass. 273. Cf. *Goldstein* v. *Conner,* 212 Mass. 57.)

The Town Board must act reasonably. So long as its actions come within that scope the courts may not interfere. Obviously, in the exercise of this dispensing power, consents must be refused to those not entitled thereto. A license for a gasoline station may well be denied when next to a public school or in the heart of a business district where a fire might be most disastrous, and at the same time be granted in a suburb or in a less crowded district. The question in each case is whether the establishment of a gasoline station in the particular place or in the particular way would imperil the safety of persons and property. Such dispensing power may properly be delegated to the municipal assembly which enacted the ordinance. (*Fischer* v. *City of St. Louis*, 194 U. S. 361.)

Only where a license is refused arbitrarily or discriminatorily may the courts interfere. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330.) In the case at bar there is not even a suggestion that the Town Board has made its decision upon an arbitrary or discriminatory basis. Not until it is shown that the Town Board has exercised its discretion for a reason which it may not legally consider may the decision of the Town Board be set aside.

In *Matter of Larkin Co.* v. *Schwab* (242 N. Y. 330) the ordinance in question provided that the consent of the Common Council by a four-fifths vote was necessary in order to store gasoline and similar materials. The same questions as here involved were there discussed at length, and it was there held that the ordinance itself and the action taken thereunder were well within the limits of the authority of the City Council.

In *Matter of Small* v. *Moss* (279 N. Y. 290, 295), which primarily concerned delegation of power to an administrative body as distinguished from a local legislative body, we said: " By the zoning ordinances the use of real property for particular purposes has been restricted to locations which in the opinion of the body exercising legislative powers are suited for such use. The local legislative body may in proper case have power to prohibit the use of property when

in its opinion such use would be detrimental to the public health, safety or welfare, and to consent to the use when in its opinion such use would not cause injury to the public. In such case it exercises a legislative power, and no general standards need be formulated by it which must govern its determination as to when its consent should be granted or withheld. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330.) We, there, pointed out a distinction between the exercise of the law-making power by a legislative body and the exercise of powers delegated to or conferred upon an administrative officer or board by the legislative body. In the first case discretion may be plenary; in the second case, though the law-making body may confer a measure of discretion, it must at the same time define the limits of that discretion and fix the rules or standards which must govern its exercise."

Respondent seeks to distinguish the *Larkin* case on two grounds: *First*, that in the case at bar it is provided by statute (Town Law, § 262) that the legislation must be uniform, and, *second*, that the power to create variances in the Zoning Law is expressly given by the Legislature to the Board of Zoning Appeals and not to the Town Board.

Neither of these distinctions is valid. In the first place, as already noted, the ordinance uniformly provides that special uses may be made of land in a business district subject to the consent of the Town Board. There is no discrimination among the several owners of property within a business district either by the terms of the ordinance enumerating the permissible uses or by the provision requiring the consent of the Town Board. Uniformity, therefore, has been carried out to the extent prescribed by the Legislature.

As to the power given to the Board of Zoning Appeals to grant variances, it may be noted that there is no variance question in the case at bar. This application does not deal with the subject of variances, but falls within the uniform provision of section 701 (10) subject to the approval of the Town Board.

Thus, upon both principle and authority, th⁓ ordinance in question was not unconstitutional or contrary to section 262 of the Town Law requiring uniformity. It follows that the order of the Appellate Division, declaring unconstitutional section 701 of the Zoning Ordinance of the Town of Hempstead and annulling the determination of the Board of Zoning Appeals and canceling the building permit and certificate of occupancy, should be reversed and the determination of the Board of Zoning Appeals, affirming the issuance of the building permit and certificate of occupancy, affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.