In the Matter of EMANUEL SCHIFFMAN, Petitioner, against EDWARD CORSI, as Industrial Commissioner of the State of New York, et al., Respondents.

Supreme Court, Special Term, New York County, February 11, 1944.

*Albert Adams* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (John P. Powers* of counsel), for respondents.

SCHREIBER, J. Petitioner, a physician duly licensed and authorized to render medical treatment under the Workmen's Compensation Law, has maintained three offices for such purposes since 1931. An amendment to the statute in 1935 (Workmen's Compensation Law, § 13-c as added by L. 1935, ch. 258) required, in the operation of one or more of such offices, that a medical bureau license also be obtained from respondent Industrial Commissioner. In 1937 petitioner made two applications therefor but, apparently by reason of doubt on the part of the department as to the propriety of maintaining more than two such offices, no action thereon was taken by the Commissioner. Thereafter petitioner's said offices were twice inspected and approved by the Workmen's Compensation Board of the New York County Medical Society, and at all times his operation of them was open and notorious and was never objected to in any sense. There also appears to have been an informal departmental rule, after the 1935 amendment, permitting continuance of such offices, in such case, pending decision on such application.

On August 6, 1943, petitioner's individual license was revoked by respondent Commissioner by reason of alleged misconduct in maintaining such offices without a medical bureau license and because of alleged acts relating to illegal rebates or kickbacks. Upon petitioner's application, this court annulled such revocation on procedural grounds only and not on the merits (cf. *Matter of Sacharoff* v. *Murphy,* 182 Misc. 235█) and a rehearing of the merits was ordered. An appeal to the Appellate Division by respondent Commissioner is pending undetermined.█

Thereafter payment of fees for such medical treatments due petitioner from the State Insurance Fund was refused on the ground that he was without a medical bureau license. Petitioner, for that reason, then again made application to respondent for a medical bureau license, retroactively to 1936. On December 29, 1943, the application was denied, apparently on the basis of the alleged violations forming the subject matter of the proceeding to revoke his individual license. The said application, as the former ones, was made upon what in whole or in part may be assumed to be, for the purposes of this opinion, the recommendation and approval of the Board of the Medical Society, in accordance with the statute.

Petitioner now brings the instant proceeding, under article 78 of the Civil Practice Act, in effect to compel respondent Industrial Commissioner to approve, retroactively to 1936, petitioner's application for such medical bureau license.

In the court's opinion, at least as to the facts and charges relating to kickbacks, and certainly while those charges are pending undetermined on the merits, petitioner has not established a right to the relief sought. (*Cf. Marburg* v. *Cole,* 286 N. Y. 202; *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Matter of Oval Bar & Restaurant, Inc.,* v. *Bruckman,* 177 Misc. 244; *Matter of Rudhlan Amusement Corp.* v. *Geraghty,* 146 Misc. 308.) Respondent cannot reasonably be held arbitrary or capricious in refusing a further license to petitioner at a time when a related license already held is claimed by respondent to be forfeited by reason of misconduct, for which charge at least some basis exists and which is in issue in the courts. If, indeed, petitioner is finally exonerated on the merits on that other issue, it may be that, upon another application to the Commissioner at that time, denial of a license might warrant a proceeding for the relief now sought.

Whether or not a retroactive license may be granted need not now be considered, for relief in that nature clearly cannot presently be granted, despite the incident hardship to petitioner.

It is urged by petitioner, with some force, that the denial here is not by the Industrial Commissioner but by a deputy and that, despite sections 24 and 40 of the Labor Law, under the language of the statute the duty of such ultimate decision is solely in the Commissioner and is nondelegable. However, in view of the fact that the verified answer of the Commissioner expressly states that the Commissioner concurs in, fully approves of, and ratifies the acts of his deputy here attacked, relief on this point alone would be academic.

It follows that the application should be denied and the petition dismissed, without costs. Settle final order in accordance herewith, providing as well for discontinuance of the proceeding against respondent Kaliski and for amendment of the petition in accordance with the stipulations filed.