PAUL PETSCHEK, Plaintiff, *v.* AMERICAN ENKA CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, May 25, 1944.

*James J. Beha* for Alien Property Custodian, on behalf of Nederlandsch Administratie-En-Trustkantoor, defendant.

*Cadwalader, Wickersham & Taft* for American Enka Corporation, defendant.

*Cravath, De Gersdorff, Swaine & Wood,* for Kuhn, Loeb & Company, defendant.

*James B. M. McNally, United States Attorney for Southern District of New York,* for United States of America.

*Henry L. Epstein* for plaintiff.

EDER, J. Motions Nos. 28, 69 and 159 are considered together. The motions are granted. This is a proper case where the movants are entitled to the relief sought. The application is

granted in the interests of justice. It seems to me that it would be manifestly unfair and unjust to require the defendants to serve an answer to the complaint in the circumstances set forth.

The objection raised by the plaintiff to the right or authority of the Alien Property Custodian to designate an attorney to represent the defendant Nederlandsch Administratie-En-Trustkantoor, a national of enemy-occupied territory, in this action, and to take such measures from time to time as determined by the Custodian to be necessary in the interest of the United States, is overruled. In so designating an attorney and in so acting, the Alien Property Custodian is authorized and empowered to act by virtue of paragraph 5 of Executive Order No. 9193 (7 Fed. Reg. 5205) and the exercise by him in his judgment and discretion of what measures should be taken by him in representing nationals of enemy-occupied countries in court actions is final and conclusive. (*Hirabayashi* v. *United States*, 320 U. S. 81, 93; *Campbell* v. *City of New York*, 244 N. Y. 317, 328, 331; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 334, 335.)

The plaintiff's position is that the attorney designated by the Custodian has no standing to make the motion because all the interest of Nederlandsch Administratie-En-Trustkantoor with respect to the property in question has been vested by the Decree of the Royal Government of The Netherlands, dated May 24, 1940, in said Government.

In the suggestion of the interest of the United States the court is advised that the United States has continuously since May 10, 1940, assumed control over property of nationals of The Netherlands located in this country. This fact, plus the mentioned Executive Order, are sufficient legal authority for the action of the Alien Property Custodian.

Moreover, in the statement of the position of the State of The Netherlands with regard to these motions for a stay, the court is informed that while the State of The Netherlands does not wish, under the present circumstances, to be made a party to this action or to appear generally therein, since no agency of the Royal Netherlands Government has made provision for management of the Dutch corporation, Nederlandsch Administratie-En-Trustkantoor, a defendant herein, the State of The Netherlands has no objection to the appearance for the said corporation by the attorney designated by the Alien Property Custodian so to appear, and is therefore willing to have said Dutch corporation represented by the attorney designated by the Alien Property Custodian and to have that attorney take such action as he deems necessary to protect the rights of said Dutch corporation in this action.

Either one or both of said grounds is sufficient to defeat the contention made by the plaintiff, as aforementioned, and it is so determined.

Settle order.