In a proceeding under article 78 of the Civil Practice Act, final order annulling the determination of the State Liquor Authority which refused a retail wine and liquor license to the respondent, and directing the issuance of a license, reversed on the law and the facts, without costs, and the determination of the State Liquor Authority confirmed, without costs. Order granting respondent’s motion to the extent of directing the trial by a jury of the “subject matter of this controversy ”, reversed on the law, without costs, and the motion denied, without costs. The petition and the return thereto disclosed undisputed facts upon which the authority, to which the power to pass on the matter is given by statute, could reasonably decide that respondent’s application for a license should be denied. The undisputed proof in respect of the proximity of the licensed premises at 571 Hicks Street to the premises for which respondent sought a license (506 Henry Street) was sufficient to furnish a basis upon which the authority could reasonably act in deciding to refuse to license the latter premises in view of the undisputed proof as to character and population of the neighborhood. There was no substantial dispute in respect of the character of the neighborhood; the character of the population in the various parts of the neighborhood; the character of the streets in the area; the presence or absence of local business, as distinguished from potential business from transients. There was, therefore, no basis under the undisputed facts' for either a court or a jury to assume to decide that the State Liquor Authority acted arbitrarily or capriciously. (Matter of Glinten-Tcamp v. O’Connell, 271 App. Div. 795, affd. 296 N. Y. 806; Matter of Watinsky v. O’Connell, 271 App. Div. 973, and cases cited therein.) In view of the undisputed facts appearing in this record, upon which the State Liquor Authority acted in exercise of the discretion reposed in it by statute, the granting of the motion for a jury trial was improvident. The section map of Brooklyn and New York City was incompetent and irrelevant to the issues herein, except so much thereof as related to the immediate vicinity of 506 Henry Street, already evidenced by petitioner’s Exhibit 9. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.