Matthew M. Levy, J.
This is application by petitioner, pursuant to article 78 of the Civil Practice Act, for an order directing the commissioner of licenses of the City of New York to issue to petitioner a license to operate a parking lot at premises 526 Myrtle Avenue, Brooklyn. Petitioner is a month-to-month lessee of the premises, and duly applied for a parking lot license for this property on October 1, 1957. By letter dated October 17, 1957, respondent advised petitioner that its application to operate the parking lot was denied on October 14, 1957, for the reason that ‘ ‘ It appears that the property for which the license was sought is within the boundaries of the Pratt Institute Slum Clearance Project. We are in receipt of a communication from the office of the Committee on Slum Clearance calling to the attention of this Department that the Federal Housing and Home Finance Agency lias objected to the continued use of this area for parking operations. This communication therefore requests that licenses for such parking lot operations in this area be not renewed.” No other objection was made to the issuance of the license.
Although I may not interfere with the discretion which under statute or ordinance is vested in an administrator, I should take into consideration the limits of such discretion, and, when it is clearly shown that the refusal is based solely upon grounds which as a matter of law do not fall within the ambit of permissible action, the administrator’s determination may be overruled (Matter of Larkin Co. v. Schwab, 242 N. Y. 330). In the instant situation, the general rule thus enunciated makes clear the appropriate disposition of this proceeding.
Despondent, had no power or authority to deny the application for the parking lot license by reason of conditions or requirements other than those specified in the applicable legislation (Matter of Savage v. Commissioner of Licenses of City of N. Y., 3 A D 2d 717). Under section 773 of the New York City Charter, respondent is empowered to issue the license. The *518 Administrative Code of the City of New York (ch. 32) specifies the qualifications of an applicant for such license and the requirements that he must meet in order to obtain it. There is no claim by respondent that the present applicant fails to meet these qualifications and requirements. In the circumstances, the ground stated by respondent as the basis for denying petitioner’s application is invalid. And, particularly, in view of the willingness of petitioner to stipulate that, upon demand by its landlord to vacate the premises, the license requested will be surrendered by petitioner to the commissioner, it would be unjust to deprive petitioner of the license pending actual need for termination.
The motion is granted to the extent of remitting the matter to respondent for his consideration and determination in accordance with this opinion and in the light of the stipulation now tendered by petitioner.