Samuel W. Eager, J.
This is an article 78 proceeding to review the determination of the Town Board of the Town of Clarkstown, Rockland County, New York, denying petitioner’s application for a special permit, pursuant to section 3.11 Table of General Use Regulations, and sections 4.31 and 4.32 of the Building Zone Ordinance of the Town of Clarkstown, to allow the erection of residences upon petitioner’s property in an RA-1 (X) district in compliance with the less restrictive requirements of an “ R-22 ” district, as defined in said ordinance.
Petitioner’s property, comprising approximately 13.7 acres, is situatelwithin a district zoned as a “ Residential Development District (R-l) ” and is referred to as an “ RA-1 (X) ” district under the ordinance. The minimum lot area of said district is 40,000 square feet for single-family detached residences. Provisions are made, however, by the zoning ordinance of the town for the broadening of uses permitted in districts, including in an “ RA-l(X) ” district, by special permit of the Board of *367 Appeals (or the Town Board where specified) — (subject to sections 4,31 and 4,32). Pursuant thereto, it is further provided that, by special permit to be “ granted only by the Town Board * * * as provided for in Section 4.32(F) ”, property in an “ BA-l(X) ” district may be devoted to uses authorized in an “ R-22 ” district; and in said “ R-22 ” districts single-family detached residences are permitted on lots with an area of 22,500 square feet.
In connection with the granting of special permits by the Town Board with respect to property in an ‘ ‘ RA-1 (X) ” district, said section 4.32(F) provides:
“ [T]he following Additional Requirements and Conditions shall be made by the Town Board, after public hearing and after reference to and report from the Planning Board
* * *
“ iii. That the Town Board has studied the problems of providing necessary community facilities for the proposed development, and on the basis of such study finds that existing facilities or plans or reasonable possibilities for the expansion of such facilities are adequate to provide for the needs of future residents in the proposed development.
“ iv. That the health, safety, welfare, and morals of the Town will not be adversely affected. ’ ’
Petitioner did duly apply to the Town Board pursuant to the aforesaid provisions for a special permit for the use of his property for single-family detached residences on lots with an area of 22,500 square feet. The Town Board, however, denied the petitioner’s application with a finding that ‘ ‘ existing school facilities in Clarkstown Central School District No. 1 (being the school district in which petitioner’s property is located) or plans or reasonable possibilities for expansion of such facilities in 1962 are inadequate to provide for the educational needs of future residents in the proposed development of ” the petitioner. The petitioner, by means of this article 78 proceeding, seeks a review and annulment of such denial of the special permit sought, it being claimed by the petitioner that the Town Board acted improperly, arbitrarily and capriciously in the matter.
It is clear that this court has the power of review. ‘1 In making determinations upon applications for special exceptions under the Zoning Ordinance, the Town Board exercises judgment or discretion of a character which is reviewable as to reasonableness in a proceeding under article 78 of the Civil Practice Act.” (Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728, *368 729.) The board’s determination may be set aside if it appears that it exercised its discretion arbitrarily or capriciously upon a ground not authorized by law. (Matter of Hempstead Bottling Works Corp. v. Patterson, 117 N. Y. S. 2d 103, 104, appeal dismissed 232 App. Div. 1063.)
It is the claim of the petitioner that the premising by the Town Board of the denial of his application on the ground of inadequacy of school facilities was not authorized and was capricious. The petitioner does not, however, seriously controvert the impending serious inadequacy of the school facilities in the territory and there is no showing to justify the court in rejecting the position of the board in that connection. It is, however, particularly contended by the petitioner that the board had no authority to take into consideration the inadequacy of school facilities in connection with its determination. With this contention, the court does not agree.
No one would now seriously question the right of the Town Board to regulate the density of population in special districts by provisions such as are contained in the ordinance here restricting the property in the particular district to detached single-family residences and limiting the lot area for each residence. (See Levitt v. Inc. Vil. of Sands Point, 6 N Y 2d 269.) Such provisions are particularly within the declared purposes for local town zoning legislation, to wit, ‘1 to lessen congestion in the streets, to secure safety from fire, flood, panic and other dangers; * * * to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements.” (See Town Law, § 263.)
Now, incidental to the evils of overcrowding and undue concentration of population are generally the lack of proper school and educational facilities. The extent of future needs on account of such facilities and plans therefor are matters relative to and of important consideration in connection with zoning. As noted above, section 263 of the Town Law, expressly mentions facilitation of adequate provision of school requirements as one of the purposes of zoning regulations.
It is all very well to speak generally of an absolute duty on the part of a municipality to supply necessary school, highway and other facilities as it grows and expands in population and as the need for increased facilities arises, but it is clear that the duty of a municipality in this regard will not bar it from the right to reasonably regulate and control the density of *369 population in specified districts in the interest of public welfare and to avoid unnecessary hardship to individuals and taxpayers. The question should be and is whether or not the action of the municipal authorities is reasonable in a particular case.
Here, by specific provision of the local ordinance (§ 4.32 [F], pars, iii, iv), the Town Board, in order to grant petitioner’s application, was required to find that the existing community “ facilities or plans or reasonable possibilities for the expansion of such facilities are adequate to provide for the needs of future residents of the proposed development ’ ’; also that ‘1 the health, safety, welfare, and morals of the Town will not be adversely affected. ” Clearly, these provisions are reasonable and valid, and it is concluded that they not only did authorize but required the board, in rendering its determination, to take into consideration the threatened serious inadequacy of school facilities. In fact, it appears that everything reasonably possible is being done by the local authorities to meet the urgency in the school situation. Certainly, the situation would become more urgent in the event zoning requirements were eased to increase the population density in the school district; and the action of the Town Board here is nothing more than an attempt to help stabilize the problems created by the influx of new homeowners to a point where the school district can cope with them.
Finally, the petitioner claims that the action of the board was invalid as discriminatory and capricious in that a similar special permit was about the same time issued to another applicant. It appears, however, that the special permit granted to such applicant covered a much smaller tract of land, resulting in the authorization of only three additional homes. In any event, the mere fact that a similar special permit was granted to a particular applicant does not require the board to grant such special permits to all who apply. The question is not whether someone else has been favored, but whether or not the petitioner herein has been legally oppressed. See Matter of Larkin Co. v. Schwab (242 N. Y. 330, 336) wherein it was said that the “ exercise of discretion in favor of one confers no right upon another to demand the same decision.”
Clearly, the petitioner has no vested right to the special permit sought. By due regulation, his property is in a district where a minimum lot area of 40,000 square feet is required for residences. Such is declared by the local ordinance to be the proper square foot area for residential lots in the district. It is solely within the discretion of the Town Board as to whether *370 or not the petitioner shall have a special permit having the effect of reducing the lot area requirements and thus increasing the density of population in the district. The court may not interfere with the exercise of that discretion where, as here, it does not appear that the board acted arbitrarily or capriciously.
Petition dismissed. No costs. Settle order on notice.