■ In the Matter of LEMIR REALTY CORP., Respondent, against EDWARD P. LARKIN et al., Constituting the Town Board of the Town of Hempstead, Appellants.— In a proceeding to review a determination of the Town Board of the Town of Hempstead which denied an application for permission to install gasoline storage tanks and to conduct a gasoline service station on premises described in the petition, the Town Board appeals from an order of the Supreme Court, Nassau County, entered December 1, 1959, which: (1) annulled its determination denying the permits; and (2) directed the issuance of the permits. Order reversed on the law and the facts, without costs, determination of the Town Board confirmed, and petition dismissed, without costs. Findings of fact of the Special Term contained in its decision-opinion, insofar as such findings may be inconsistent herewith, are reversed, and new findings are made as indicated herein. In making the determination under review, the Town Board exercised judgment or discretion of a character which is reviewable as to reasonableness by a proceeding pursuant to article 78 of the Civil Practice Act (Matter of Lemir Realty Co. v. Larkin, 8 A D 2d 970, 971; Matter of Rothstein v. County Operating Corp., 6 A D 2d 711, affd. 6 N Y 2d 728). However, in determining whether the permits applied for should be issued as special exceptions, the Town Board was not required to conform with standards or conditions formulated to guide their action. Whether or not the permits should be granted under the circumstances disclosed was left to their untrammelled, but of course, not capricious discretion, with which the courts may not interfere except on proof that refusal to grant the permits was based solely on grounds which as a matter of law the board might not consider (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 335). In its answer the board has stated the grounds and the facts upon which its determination to deny the permits was made. There is no issue with respect to the facts so stated. Petitioner, by its failure to serve a reply, conceded their existence (Matter of Bering v. Patterson, 2 A D 2d 820; Matter of Bernola v. Fletcher, 280 App. Div. 870; Entress v. Sours, 272 App. Div. 861); and, in any event, petitioner does not dispute the facts but only the conclusions drawn from the facts. It claims that the conclusions drawn by the Town Board are arbitrary and capricious. It was for the board to determine, however, on consideration of the facts, whether the permits should be denied because the benefit to be derived from permitting the storage of gasoline and the conduct of a service station would not outweigh the disadvantages connected therewith. In reaching its conclusions and in

making its determination it could properly consider the interference with or danger to traffic, and the proximity of a shopping center, a school, a public bus stop, and another service station. (Cf. *Matter of Larkin Co.* v. *Schwab, supra*; *Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals of Town of Hempstead*, 281 N. Y. 534, 539.) Nor was the issuance of the permits required because the board had given its consent to similar activities in the immediate neighborhood. The board might refuse to duplicate previous error, or change its views as to what was for the best interests of the Town. (Cf. *Matter of Larkin Co.* v. *Schwab, supra*; *Matter of Conwall Realty Corp.* v. *Murdock*, 285 App. Div. 951; *Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39, 46, 47.) On the conceded facts, the determination made by the Town Board was neither arbitrary nor capricious and the court may not substitute its judgment, in the premises, for that of the Town Board. Nolan, P. J., Ughetta and Brennan, JJ., concur. Beldock, J., concurs in the reversal of the order, but dissents from the confirmation of the determination of the Town Board and the dismissal of the petition, and votes to remit the matter to the Special Term for hearing, with the following memorandum: Where there is no evidence to support a reason given by the Town Board for its action, or where the reason given is insufficient to constitute a reasonable relationship to the public health, safety, or welfare, the action of the Town Board is arbitrary, capricious, and unreasonable. These matters can be determined only after a hearing before the court, and not as a matter of law. Pette, J., not voting.