Bernard S. Meter, J.
In this article 78 proceeding, petitioner requests the annulment of a determination by the Board of Appeals of the Town of Oyster Bay revoking a permit to construct an addition to an existing commercial building. The permit had been granted by the Building Department Manager, but, on the appeal of an adjoining property owner, was revoked by the Board of Zoning Appeals after a hearing.
The existing building is on an irregularly shaped parcel, the westerly line of which fronts 40 feet on Broadway, Hicksville, and the southerly line of which runs easterly along Notre Dame Avenue approximately 183 feet to Desmond Avenue. At a distance of 60 feet from Broadway, the parcel widens to approximately 102 feet, at which width it continues all the way back to Desmond Avenue. The existing building is set back 10 feet from Broadway and is 40 feet wide and 100 feet in depth. It thus has no side setbacks along the first 50 feet of its depth. The proposed addition would be 40 feet in width and 50 feet in depth and would be joined to the north side of the existing building for the last 50 feet of the depth of the latter building. If erected as proposed, the addition would be flush with the east property line of the adjoining property owner’s parcel. The adjoining property owner’s building is flush with the same line and if the proposed addition is erected will lose the light and air from windows in the rear of his building. For the erection of the existing building, petitioner obtained a variance with respect to the yard spaces. The proposed addition, however, conforms to all requirements of the zoning ordinance.
The board’s decision revoking the permit reads as follows: “ Since the existing improvement does not conform to the set back requirements of Article VIII, Section F-8 and since such structure exists only by reason of the action of this board (variance case No. 58-291) varing [sic] the set back requirements so as to permit the structure to remain and be used for business purposes, the act of the Building Department Manager in [sic] granting a permit (No. a-18546) for the extension of this structure without a further variance is improper. Apart from the fact that non-conforming structures may not be enlarged or altered as a matter of right by the terms of the Building Zone Ordinances as amended and revised January 27, 1953, it is apparent that the extension and/or alteration of buildings existing only by reason of specific variance without a further variance would be contrary to the purposes and intent of the Zoning Ordinance which admittedly required that a variance be granted by this board to permit the existing structure to lawfully exist upon the property.”
*1021 The source of the hoard’s authority in an administrative proceeding of this kind is the zoning ordinance. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330.) A zoning ordinance, being in derogation of the common law, must be strictly construed. (Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298.) There is no section in the Building Zone Ordinance of the Town of Oyster Bay that requires an application for a variance to be made before a permit can be issued to alter a building erected under a prior variance. Nor, so far as appears from this record, was any condition imposed upon the granting of the prior variance that the building would not be altered without application for a further variance. There being no limitation in either the ordinance, or the decision granting the variance, and the proposed addition being in conformity with the requirements of the ordinance, neither the Building Department Manager nor the board had authority to deny the permit.
Nor can the board’s position be sustained by reference to the rules governing enlargement or alteration of nonconforming structures. The rule referred to permits zoning authorities to restrict the right of an owner to rebuild or alter a structure which does not conform to the zoning ordinance on the date the ordinance becomes effective (Matter of Harbison v. City of Buffalo, 4 N Y 2d 553, 559; 8 McQuillin, Municipal Corporations [3d ed.] pp. 464, 472, §§ 25.180, 25.182; Town of Oyster Bay Building Zone Ordinance, art. XXI, § 9). The structure involved in this case is not nonconforming within that definition. Even if it were, the Town Board, which is the only body that has legislative authority in the premises, has enacted no such restriction. Until it does, the Board of Appeals can impose no such restriction.
The prayer of the petition is, therefore, granted. Settle order on notice annulling the decision of the Board of Zoning Appeals and directing reissuance of petitioner’s building permit.