Benjamin Brenner, J.
This is a proceeding under article 78 of the Civil Practice Act to review the determination of respondent, as Commissioner of Licenses, which denied a parking lot license for premises owned by the petitioner corporation whose sole stockholders are husband and wife.
Petitioner urges that it was not afforded a proper hearing and that respondent’s denial of the application was arbitrary, capricious and illegal. Petitioner may be considered the corporation, or the husband or wife, owners of the corporation, for the purpose of this determination.
Section 773 of the New York City Charter provides: “ a. The commissioner shall have cognizance and control of the granting, *1038 issuing, transferring, reviewing, revoking, suspending and cancelling of all licenses and permits ”. Subdivision b of section B32-251.0 of the Administrative Code of the City of New York provides for the granting of licenses for operation and maintenance of a parking lot “ to a person of good character Section B32-253.0 and section 773a-2.0 require an applicant for a license to make application on a form containing such information as the License Commissioner may prescribe. Section 773a-7.0 of the code authorizes the Commissioner to take testimony when executing the powers conferred by section 773 of the charter and to delegate Deputy Commissioners or the chief of the Brooklyn office to take testimony which shall be reduced to writing and transmitted to the Commissioner for final action.
The New York City Charter and the Administrative Code thus expressly empower the respondent to consider the character of an applicant for a license. The only question which this court may consider is whether in the exercise of that power the determination has support in the record. “ The ‘ judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’.” (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75.) The Commissioner’s exercise of discretion in refusing to grant a license, if not otherwise arbitrary or capricious, may be interfered with by the court, “ only when it is clearly shown that refusal is based solely upon grounds which as matter of law may not control [his] discretion” (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 335; emphasis supplied).
The claim that respondent failed to give notice of a hearing and to afford petitioner an opportunity to establish the good character of one of its officers is not significant. While no further notice was given and no further hearing conducted as to the final application here involved, he and his wife did appear before respondent on September 28, 1960 and at a formal hearing on November 3, 1960. He was interviewed in detail at the former appearance as to his arrests and both he and his wife testified at the later formal hearing. The record shows that on the first application made by the wife on behalf of petitioner no mention was made of her husband’s interest in the corporation. Whether willful or not, the fact remains that information called for by the application form as to the officers or stockholders of the corporation and the arrests and conviction of the husband was not furnished nor was such information furnished on her application for a renewal of the license, which was granted upon the basis of the information set forth in the application for the original license; that on the application by the husband on *1039 behalf of the Benson Parking Co., information as to the husband’s arrests for book-making ivas omitted; that after denial of the husband’s application the wife made application on behalf of the Benson Parking Co. which failed to disclose her husband’s interests in the property; that on or about April 28, 1961 an application was filed by a person claiming to be a lessee of the premises and that inquiry with respect to the lease and his interest in the property disclosed that he was the son of the wife. That on July 21, 1961 the husband’s final application for a license in behalf of the corporation, for the first time, contained information as to his criminal record.
While the review sought is from a denial of this last application, the Commissioner was not obliged to ignore the many previous applications nor the information obtained in processing them or the hearings had thereon. Pie was not required to consider it in a vacuum or without regard to the record. The petitioner makes no claim that at a new hearing any presently unknown information or significant testimony would be offered to explain the reason for failing to furnish information required by the application form, as to which full disclosure was belatedly made at the hearings. It is, however, urged that another hearing would afford an opportunity for testimony as to the good character of the husband since 1948, presumably as set forth in the letters attached to the petition herein. However, in the light of the numerous applications and the testimony before the Commissioner, it does not appear that such new hearing would result in a different determination or that the Commissioner would be bound to accept or be influenced by such letters of good character to the extent of impelling him to alter his view and thereupon to grant the license.
I find that the determination does have support in the record and that it is not arbitrary or capricious. The petition is dismissed.