In the Matter of ANDERSON CONSTRUCTION Co., INC., Petitioner, *v.* BOARD OF ZONING APPEALS OF THE TOWN OF HUNTINGTON, Respondent.

Supreme Court, Special Term, Suffolk County, July 12, 1962.

*Daniel S. Lerner* for petitioner.   *Leon D. Lazer* for respondent.

FRANK A. GULOTTA, J. This article 78 proceeding was considered in connection with a cross motion (No. 2302) to dismiss the petition herein on the grounds that it is insufficient as a matter of law. Motion to dismiss is granted. (See Civ. Prac. Act, § 1288.)

It is not the law as respondent assumes that a Zoning Board of Appeals in acting upon an application for a special exception need make no findings and can reserve them for a return. See *Matter of Lemir Realty Corp.* v. *Larkin* (8 A D 2d 970) where it is stated: "we are of the opinion that they were not required, as a matter of law, to make findings in support of their determination. We are not unmindful of the requirement that such findings be made by boards or officers required to exercise quasi-judicial or administrative functions pursuant to legislation which circumscribes their power to act by providing rules and standards for their guidance which they may not disregard (cf. *Matter of Elite Dairy Prods.* v. *Ten Eyck*, 271 N. Y. 488; *Matter of Scudder* v. *O'Connell*, 272 App. Div. 251 and cases there cited; *Matter of Wehr* v. *Crowley*, 6 A D 2d 214; *Matter of Holmes & Murphy* v. *Bush*, 6 A D 2d 200; *Matter of Syosset Holding Corp.* v. *Schlimm*, 4 A D 2d 766; *Matter of Bach* v. *Board of Zoning Appeals*, 282 App. Div. 879). The necessity for findings of fact is not so apparent, however, when the legislative body reserves to itself the right to make exceptions to general rules or, as here, when the body empowered to grant consent is the same body which enacted, the ordinance (cf. *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330). In such a case there need be no conformity to standards prescribed since no conditions have been formulated, express or implied, under which permits or approvals must be granted."

Here, however, the affidavit which petitioner has used in lieu of a petition, is so palpably inadequate that we do not reach the question of whether respondent should be ordered to make findings.