In the Matter of Texaco, Inc., Respondent, v. William S. Segur et al., Constituting the Board of Zoning Appeals of the Town of Bethlehem, Appellants.— *Per Curiam.* The Board of Zoning Appeals of the Town of Bethlehem, Albany County, appeals from a judgment of the Supreme Court which annulled a decision denying petitioner's application made under articles V and XVIII of the town zoning ordinance for a special permit to use certain premises situate in a business use district of the town for the erection and maintenance of a gasoline service station and directed its issuance. As the bases for reversing the action of the board Special Term stated that it had "greatly abused its discretion in denying petitioner's application" and that "the findings of the respondent board were arbitrary and capricious, having little or no basis in fact." At a hearing on the application representatives of the petitioning corporation and objecting town residents presented their respective sides of the issue at considerable length. The site of the proposed gasoline service station fronts on the northerly side of Delaware Avenue at its intersection with Euclid Avenue. Delaware Avenue at that point is a main four-lane arterial highway running between the Town of Bethlehem and the City of Albany with a speed limit for vehicular traffic of 40 miles per hour. On the same side

of Delaware Avenue and about 50 feet easterly of the site is located an existing gasoline service station and some 300 feet distant from the intersection there is a group of office buildings and a bowling alley. On the southerly side of Delaware Avenue and directly opposite the site is another gasoline service station, about 200 feet to the east of which lies a large shopping center. Adjacent to this concentration of retail stores are two like stations, a dry-cleaning establishment and a dancing school. At the intersection of Delaware and Euclid Avenues school buses stop to take aboard and discharge children. A census conducted by petitioner disclosed that 9,000 cars per day presently use the public highways in the vicinity of the proposed station and that an increase of 35% in the traffic count within the next decade can be expected. There was other proof that a small percentage of these cars would use the facility, that it was designed expressly to permit the orderly flow of traffic at the site, that gasoline service stations located in the town have highly satisfactory motor vehicle safety records and enjoy lower fire insurance ratings than the commercial enterprises located in the immediate neighborhood and that the records of a fire protection association reveal the unlikelihood of the spread of a fire originating in a service station. The board found that "a gasoline service station at the proposed site will substantially increase traffic congestion and the hazard of motor vehicle accidents between vehicles traveling on Delaware Avenue and vehicles entering and leaving the proposed gasoline service station" and that the erection and maintenance of such "in close proximity to two other gasoline service stations, and all three to a large and busy shopping center and several large office buildings and adjacent residential homes, would constitute and present a substantial fire hazard, exposing large numbers of people to a potential major catastrophe by fire and explosion." "Public convenience and welfare" it concluded "will not be substantially served by the granting of the requested permit", as a further basis for its action declared "that appropriate use of neighboring properties will be substantially or permanently injured by granting such permit" and thus determined that the proposed use failed to meet the standards enumerated in the zoning ordinance. We perceive nothing illegal, arbitrary or capricious in this decision. The issue as to whether the establishment of the gasoline service station in the particular location would imperil the safety of persons and property was one of fact for the board to decide. In our view substantial evidence supports its conclusion. "'Special exception' disputes are to be resolved by the 'common-sense judgments' of 'representative citizens doing their best to make accommodations between conflicting community pressures', and for the courts to intervene, in the absence of clear illegality, would be 'contrary to the settled and practical necessities of zoning procedure' (*Matter of Von Kohorn* v. *Morrell,* 9 N Y 2d 27, 33, 34, *supra*)". (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 25.) The reason assigned by the board for its original refusal to grant the permit which another Special Term earlier found insufficient and to require remand for further proceedings and a determination *de nova* "on the basis of all the proof adduced" does not demonstrate that the board subsequently acted in bad faith. Nor does the fact that special exceptions were granted to owners of premises somewhat similarly situated demonstrate *ipso facto* that permission was arbitrarily denied in this case. (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330, 336.) Judgment reversed, on the law and the facts; and determination of the Board of Zoning Appeals confirmed, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.