■ In the Matter of ROBERT A. BERNHARD et al., Appellants, v. RALPH G. CASO et al., Constituting the Town Board of the Town of Hempstead, Respondents.— In a proceeding under CPLR, article 78, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered April 13, 1966, which denied on the merits their petition to annul a determination by respondents denying petitioners' application for a dredging permit. Judgment reversed on the law and the facts, without costs; determination annulled, and respondents directed to issue a dredging permit to petitioners subject to such conditions as are usually required of applicants for dredging permits under Local Law 4. Contrary findings of fact contained or implicit in the opinion below are reversed. Respondents give as their reasons for the denial of a permit that (a) the proposed removal of town land will not benefit the town as a necessary improvement of the waterways affected thereby; and (b) the removal of underwater land for the area proposed would adversely affect the marine resources of the area. In our opinion, the first reason would justify charging a royalty as provided in section 12 of Local Law 4 of the Town of Hempstead, but not a denial of the permit. The second reason has not, in our opinion, been adequately substantiated by respondents. Moreover, under the circumstances adduced at bar, petitioners are, in our opinion, equitably entitled to have their application for a dredging permit considered and processed strictly in accordance with the express applicable provisions of Local Law 4, which do not include the factor of conservation as an expressed standard. Accordingly, the denial of the permit for the reasons given by respondents was arbitrary and unreasonable. Beldock, P. J., Ughetta, Brennan and Hill, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the determination by the respondents was not arbitrary. The conservation of the waterways within the town was a legitimate concern of municipal regulation (cf. Town Law, § 81, subd. 1, par. [g]), particularly where the dredging proposed by the petitioners was designed to remove material from town-owned land and to apply it to the petitioners' land (Town Law, § 64, subd. [3]). Likewise, the conservation and encouragement of the breeding of shellfish were legitimate concerns of the town (Town Law, § 130, subd. 18). The petitioners did not acquire any vested interest by contract which required the issuance of a permit (cf. *Matter of Wa-Wa-Yanda v. Dickerson*, 18 A D 2d 251). Nor do the negotiations between the petitioners and respondents disclose any equitable consideration in favor of the petitioners which would compel intervention in their behalf. The respondents determined that the removal of the material would adversely affect the marine resources of the area. In my view, the record amply supports the conclusion of the respondents, and with that conclusion the courts may not interfere (*Green Point Sav. Bank v. Board of Zoning Appeals*, 281 N. Y. 534, 539; *Rothstein v. County Operating Corp.*, 6 N Y 2d 728; *Matter of Lemir Realty Corp. v. Larkin*, 11 N Y 2d 20, 26).