In the Matter of ARTHUR ZIMTBAUM, Respondent, v. MILTON GLASS et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.— In a proceeding pursuant to article 78 of the CPLR to review appellants' determination denying petitioner's application for a zoning variance, the appeal is from a judgment of the Supreme Court, Queens County, dated February 5, 1968, which annulled the determination and directed appellants to grant the variance. Judgment reversed, on the law, with costs, and matter remanded to appellants for further proceedings in accordance herewith: In order for appellants to grant a variance, a petitioner has to satisfy certain requirements specified in section 72-21 of the Zoning Resolution of the City of New York. Among these requirements, three in particular are the most important: (1) there must be unique physical conditions peculiar to and inherent in the particular premises which are not due to general conditions in the neighborhood; (2) because of these unique conditions, the land in question cannot yield a reasonable return if used only for the permitted purpose; and (3) the variance, if granted, must not alter the essential character of the area (see *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71, 76). In our opinion, petitioner did not comply (1) with the second requirement, because he failed to demonstrate that the property in question cannot yield a reasonable return if used, not only for residences, but for any and all permitted purposes under the existing zoning resolution (see *Matter of Forrest* v. *Evershed*, 7 N Y 2d 256, 262; *Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39, 45, 46), and (2) with the third requirement, because he failed to demonstrate adequately that the proposed warehouse would not materially alter the essential character of the neighborhood. Accordingly, Special Term erred in determining that appellants acted arbitrarily and discriminatorily in failing to grant the variance. Moreover, if, as appellants assert, petitioner's property is seven blocks further away from Kennedy Airport than that of the petitioner in *Matter of Mays (Glass)* (N. Y. L. J., Feb. 16, 1968, p. 19, col. 5), and in addition, the property in *Mays* was across the street from a manufacturing zone, we could not agree with Special Term that there was no material difference between the application in *Mays* and the one at bar (cf. *Matter of Crossroads Recreation* v. *Broz, supra*, pp. 46–47; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 336). The proceeding is therefore remanded so that petitioner, if he be so advised, can

resubmit his proof in accordance with the foregoing. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.