Town of Cairo, Appellant, *v.* Cairo Fair Grounds, Inc., Respondent. (Action No. 1.)

In the Matter of Cairo Fair Grounds, Inc., Respondent, *v.* Town of Cairo et al., Appellants. (Action No. 2.)

Third Department, February 13, 1975.

*Charles H. Carpenter* (*James F. Keefe* of counsel), for appellants.

*Alex Wiltsie, Jr., P. C.,* for respondent.

SWEENEY, J. Action No. 1 was brought by the appellant Town of Cairo against Cairo Fair Grounds, Inc. (hereinafter Fair Grounds) to enjoin the construction of an automobile racetrack without first obtaining a building permit pursuant to an ordinance of the town. Fair Grounds then commenced an article 78 proceeding (Action No. 2) to compel issuance of building permits for such racetrack upon compliance with the State Building Code. The town's motion for a preliminary injunc-

tion in Action No. 1 and respondent's motion in the article 78 proceeding were jointly treated by Special Term.

In 1968 the Town of Cairo enacted a building ordinance, effectively amended in 1969. Later, in 1972, the State Building Code (Executive Law, art. 18) was adopted by the town. The record reveals that on May 21, 1973 Fair Grounds made applications to the Building Inspector of the town for several building permits to construct buildings in connection with its proposed automobile racetrack including bleechers and a 3,000-car parking lot. Under the town's building ordinance these applications were required to be submitted to the Planning Board for approval. A hearing was thereafter held before the Planning Board at which Fair Grounds presented preliminary plans and was afforded full opportunity to be heard. After consideration, the Planning Board filed a memorandum report in opposition to the location of the proposed racetrack finding that approximately 20% of the residents of the town lived within 3,000 feet and that there were 36 homes, a school and a medical center within 500 feet thereof. The noise which would be created by such an activity was stated to be a principal factor. Other problems would be traffic control, dust from the track and parking area and a resultant depreciation of real estate values in the area surrounding the track. The record further reveals that on July 13, 1973 the Building Inspector disapproved the applications for building permits. On August 27, 1973 a hearing was held by the Town Board at which Fair Grounds' plans were presented and its president questioned by the members of the board. The Town Board, by a majority vote, denied the application on the adoption of the following resolution:

" Motion by Nicholas Bier, Sr. that the applications for Building Permits be denied to Mr. Sciarrillo due to excessive noise in a populated area; traffic congestion; also it requires more demands for greater Town services such as Police protection, and traffic control." Subsequently, Fair Grounds commenced construction without a building permit and a stay order was thereafter obtained. Special Term held that the refusal to issue the building permits was illegal, concluding that the town building ordinance is vague and indefinite, without sufficient standards to guide the general public or the Planning Board. It granted respondent Fair Grounds summary judgment in the article 78 proceeding and denied appellant's motion for a preliminary injunction.

Although a copy of an ordinance is attached to the complaint in Action No. 1, as pointed out in the dissent, we find it is suffi-

ciently established by the records in these cases that "Exhibit D" attached to appellant's petition for an order to show cause is the true and correct copy of the ordinance involved.

The Town of Cairo building ordinance provides in its enacting clause that its purpose is to promote the health, safety, morals and general welfare of the community. There is no doubt that under its police power, a town may prescribe the conditions under which land is to be used. (Town Law, art. 9.) Although the ordinance in question provides for approval by the Planning Board of an application for a building permit prior to the construction of any building, this language must be construed as advisory only. (See *Nemeroff Realty Corp.* v. *Kerr,* 38 A D 2d 437, affd. 32 N Y 2d 873.) The Building Inspector is not bound by the decision of the Planning Board, but may consider its recommendation in determining whether a building permit should be issued. Under the ordinance the applicant may appeal to the Town Board for a public hearing on the matter and a majority vote by the Town Board shall be final. This is precisely what occurred here.

That the Town Board may reserve to itself the power finally to approve each building permit cannot be questioned. The only limitation on such power is that a decision cannot be made on an arbitrary or discriminatory basis. (*Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals,* 281 N. Y. 534, 539.) We do not agree with Special Term that the ordinance must fail because it is vague and indefinite and without standards. Where the final approval is lodged in the local legislative body and the matter is one which might endanger the safety of persons and property, no standards are required to be set forth with respect to the issuance of a permit under the ordinance. (*Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals, supra,* p. 538; *Matter of Shell Oil Co.* v. *Farrington,* 19 A D 2d 555, 556.)

We do not find the instant ordinance invalid because it provides for "approval" power in the Planning Board. The action of the Planning Board is not directed to be final, as was the case in *Nemeroff.* We regard the language of this ordinance, through necessary implication, as limiting such "approval" to an advisory power only. Under the ordinance the Building Inspector issues the permit and the action of the Town Board is final. Such construction is reasonable, we believe, and consistent with the statutory purpose of the ordinance. The courts must look to the act as a whole, and to effect the intention of the Legislature the words of a single provision

may be enlarged or restrained in their meaning and operation. (*Matter of Meyer,* 209 N. Y. 386, 389.) Furthermore, this limitation is supported by the fact that in the matter before us it was the Building Inspector who denied the permits and not the Planning Board. We conclude, therefore, that the ordinance is valid. Under the circumstances presented here, the Town Board acted within its power. Its denial of the building permits was not arbitrary as it based that determination on considerations of public health and welfare, a reasonable exercise of police power under a valid ordinance.

The order in Action No. 1 denying appellant's motion for a preliminary injunction should be reversed, on the law and the facts, and the motion granted, with costs; the judgment in Action No. 2 granting respondent Fair Grounds' petition in the article 78 proceeding should be reversed, on the law, and summary judgment dismissing the petition should be granted in favor of appellant, with costs.

GREENBLOTT, J. (concurring). I agree with the result reached by the majority for since a decision on respondent's application was ultimately made by the Town Board, the general procedures contemplated by article 9 of the Town Law were followed in this particular case. Under section 138 of the Town Law the Town Board " may appoint a town building inspector " who is given the initial responsibility for the issuance of permits required under a town building code. Since the Town Board could, it must be implied, have reserved to itself the authority to issue such permits, it would not be inappropriate for a town building ordinance to provide for review by the Town Board of the Building Inspector's determination. However, there is no statutory authority pursuant to which a Town Board may delegate to any other body or officer the right to issue or review building permits, wherefore I agree with the majority that the ordinance in question must be construed to give advisory status only to " approval " of the Building Inspector's determination by the Planning Board.

Under the provisions of section 5 of the Town of Cairo ordinance, as amended, an appeal to the Town Board from a " decision " of the Planning Board could only be had upon application of the permit applicant or a dissenting member of said Planning Board. The statute does not provide for a final determination by the Town Board in all cases. Thus, a neighboring landowner who feels he might be injured by the issuance of a permit to another, any other interested resident of the town, or even

the Town Board itself, would, pursuant to the provisions of the amended ordinance as written, lack standing to bring the case before said Town Board for the final determination contemplated by the Town Law.

Therefore, to the extent that the ordinance does not guarantee participation by the Town Board in all cases involving applications for building permits, the statute may be subject to attack in another case where a " final decision " is made by the Planning Board and no appeal is taken to the Town Board. Such a procedure would be an improper delegation of authority contrary to the provisions of the Town Law. (See *Nemeroff Realty Corp.* v. *Kerr,* 38 A D 2d 437, 441–442, affd. 32 N Y 2d 873.) However, I do not feel that reversal is required here since, as previously noted, the Town Board did in fact make the final decision in the present case, giving to the parties all the procedural protections contemplated by the Town Law.

HERLIHY, P. J. (dissenting). It appears from the record that Special Term in its decision was relying upon the alleged building ordinance attached to the town's complaint in Action No. 1 as allegedly amended pursuant to the various exhibits in the record. It is sufficient to note that the records do not clearly establish exactly what the duly enacted ordinance of the Town of Cairo was, as the same might affect the instant proceeding. However, it does not appear that a Town Board may delegate to its Planning Board the powers and duties of a Building Inspector as set forth in section 138 of the Town Law.

In any event, the record establishes that the building ordinance, as enacted by the town, was solely an effort to create a building code pursuant to subdivision 1 of section 130 of the Town Law. Thereafter, the town adopted the State Building Code. Subdivision 1 of section 386 of the Executive Law provides that, upon the adoption of the said State Building Construction Code, municipalities may not in any way supersede or make more restrictive the provisions of the said code. The considerations attempted to be undertaken by the Town Board in denying this application are plainly beyond a building code and would not appear to be permissible pursuant to the said State Building Construction Code. It is apparent that the Town Board is attempting to establish a plan of *ad hoc* zoning without formulating any comprehensive plan for zoning within the town. Upon the entire record, the action of the board was arbitrary and capricious.

For the foregoing reasons, the judgment of Special Term which directed the town to grant respondent's application for a

building permit provided the application complies with the State Building Code, and the order denying the town's request for injunctive relief were correct and should be affirmed.

MAIN and REYNOLDS, JJ., concur with SWEENEY, J.; GREEN-BLOTT, J., concurs in a separate opinion; HERLIHY, P. J., dissents and votes to affirm in an opinion.

Order in Action No. 1 denying appellant's motion for a preliminary injunction reversed, on the law and the facts, and motion granted, with costs; judgment in Action No. 2 granting respondent Fair Grounds' petition in the article 78 proceeding reversed, on the law, and summary judgment dismissing the petition granted in favor of appellant, with costs.