DONALD CARTER et al., Respondents, v TOWN BOARD OF THE TOWN OF SCHUYLER FALLS et al., Appellants.

Third Department, January 22, 1976

*John T. Snell* for appellants.

*Neverett & Asadourian* for respondents.

SWEENEY, J. P. Petitioners are the owners of certain land in the Town of Schuyler Falls which they desire to develop for the purpose of locating a mobile home park. An application was filed by petitioners with the Town Board seeking approval of a subdivision plan for such park. The record reveals that petitioners were thereafter requested to submit the subdivision plan to the Town Planning Board; that, after a hearing,

the Planning Board disapproved the plan; and that the application was then resubmitted to the Town Board and denied. Among the reasons stated by various members of the Town Board for disapproval of the subdivision plan were: (1) "pollution of the Salmon River", (2) "environmental impact on the area" and (3) "population impact on the Peru School District". This appeal ensued.

In urging reversal, appellants maintain the Town Board acted within its authority in denying the application and that its determination was not arbitrary or capricious. Petitioners, on the other hand, contend that the Town Planning Board, and not the Town Board, had the responsibility to approve or deny the plan; that in any event, the ordinance in question is illegal because it fails to provide procedures for review, and, finally, the determination of the Town Board was arbitrary and capricious.

The ordinance in question specifically provides that no land shall be subdivided until a proposed subdivision plan shall have been submitted to and approved by the Town Board. Section 5 of the ordinance provides that no such subdivision plan shall be approved until all street and sidewalk pavements, storm sewers and catch basins for the removal of surface waters have been installed, or provision made to insure such installation, and no improvements such as water supply, drainage, sewerage, sewage disposal, gas or electric service or grading, paving or surfacing of streets shall be made until such plans for the subdivision and also plans for such improvements have been formally approved by the Town Board.

While section 276 of the Town Law provides that a town board may authorize a planning board to approve plats showing lots, streets, etc., sections 3 and 4 of the instant ordinance reserve such authority in the town board. This the town had the power to do (Town Law, § 261; *Town of Cairo v Cairo Fair Grounds,* 46 AD2d 566), with the limitation that the exercise of such power be not arbitrary or capricious. *(Matter of Green Point Sav. Bank v Board of Zoning Appeals,* 281 NY 534.)

The critical issue for our determination, therefore, is whether the Town Board's disapproval of petitioners' subdivision plan was arbitrary or capricious. We are concerned here with an area of 60 acres on which it is contemplated erecting some 197 trailers. The exhibits attached to the petition demonstrate that section 5 of the ordinance was not complied

with. It is quite apparent that such a development will result in increased pollution and have an impact on the water supply, sewage disposal and school system of the town. These are some of the factors expressed by members of the Town Board for denying petitioners' application. Considering the record in its entirety, we are of the view that such disapproval was not arbitrary or capricious. This is particularly so in light of the present environmental concern and the spiralling cost of education. Since the final approval was lodged in the Town Board, it was not required to set forth specific standards for denying the application. *(Town of Cairo v Cairo Fair Grounds, supra,* p 569.) Finally, we find no merit to petitioners' contention that the ordinance fails to provide procedures for review of subdivision plans.

The judgment should be reversed, on the law and the facts, and the petition dismissed, with costs.

KOREMAN, J. (dissenting). The critical issue for our determination, as the majority points out, is whether the Town Board's disapproval of petitioners' subdivision plan was arbitrary or capricious. On this record, the grounds assigned by the Town Board for rejection of the plan are so general and conclusory in nature, and without factual support, as to render its determination unfair and arbitrary. The reasons stated for rejection of the plan were not pursuant to the ordinance regulating subdivision of lands within the town. The town has no zoning law or ordinance regulating the location of trailer parks or mobile homes, nor has the Town Planning Board developed any master plan for the purpose of enacting a zoning ordinance.

The present case is readily distinguishable from *Town of Cairo v Cairo Fair Grounds* (46 AD2d 566), on which the majority relies. This court was there concerned with the validity of a local ordinance, and concluded that the denial of building permits by the Town Board was based on considerations of public health and welfare and constituted a reasonable exercise of police power under a valid ordinance. Such is not the case here, but, as the record discloses, disapproval of the subdivision plan was based upon purely personal considerations of the members of the Town Board, without any objective standards. Furthermore, it is apparent that the "Town Board is attempting to establish a plan of *ad hoc* zoning without formulating any comprehensive plan for zoning

within the town." *(Town of Cairo v Cairo Fair Grounds, supra,* dissenting opn., HERLIHY, P. J., p 571.)

For the foregoing reasons, the judgment of Special Term should be affirmed.

KANE, MAIN and LARKIN, JJ., concur with SWEENEY, J. P.; KOREMAN, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, and petition dismissed, with costs.