■ In the Matter of VINCENT FREDERICO, Respondent, v EDGAR E. MOORE et al., Constituting the Town Board of Riga, Appellants.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Respondents, constituting the Town Board of the Town of Riga, appeal from a judgment in this CPLR article 78

proceeding which determined that sections 10 and 10-A of the town's dump ordinance are unconstitutional and directed that the town board issue a permit to petitioner, Vincent Frederico, to fill and grade his property. Petitioner owns an unimproved parcel of land in the Town of Riga, consisting of approximately 11 acres, which is about 20 feet below the grade level of adjacent Bromley Road. Until February, 1972 petitioner, in accordance with the ordinance, had obtained permission to fill his land. Pursuant to the permits or extensions he had obtained, petitioner filled a sizable portion of the property to grade. Each of his subsequent applications for a permit, however, the most recent of which was filed in August, 1975 and is the subject of this proceeding, has been denied. The town board's denial of a permit was an administrative act which is reviewable in this proceeding to determine whether it was contrary to law or otherwise arbitrary, unreasonable or discriminatory (see *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24; *Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead,* 281 NY 534, 539, app dsmd 309 US 633; *Carter v Town Bd. of Town of Schuyler Falls,* 50 AD2d 426, 427). Section 10 of the dump ordinance provides that "Nothing herein contained shall prevent or prohibit the dumping or depositing of the materials hereinafter set forth for filling and grading purposes upon lands in the Town of Riga". Section 10-A, in addition to setting forth the content of an application for a fill permit, provides in subdivision 3 that "The Town Board further reserves the right to impose such conditions in the permit in order to further the health, safety and welfare of the Town of Riga". Beyond the filing of a proper application, the ordinance contains no standard to determine whether a permit should be issued. While we recognize that a permit may be denied despite the absence of standards where the local legislative authority has reserved to itself the power to issue or withhold permits *(Matter of Lemir Realty Corp. v Larkin, supra,* p 26; *Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead, supra,* p 538; 3 Anderson, American Law of Zoning [2d ed], § 19.10, p 382), no such reservation is present here. Indeed, section 10 of the ordinance effectively precludes the unconditional denial of a fill permit. Accordingly, since petitioner has complied with the application requirements, respondents were properly directed by Supreme Court to issue a permit to him; In view of our interpretation of the ordinance, it was unnecessary for Special Term to consider petitioner's constitutional argument. A constitutional issue should not be determined " 'if a construction of the statute is fairly possible by which the question may be avoided' " *(Matter of Peters v New York City Housing Auth.,* 307 NY 519, 527–528, citing *Rescue Army v Municipal Ct.,* 331 US 549, 569). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.