Jacob Markowitz, J.
Petitioners in this article 78 CPLR proceeding are former members of the Fire Department who seek to compel payment by respondents to them of accidental service-connected disability pensions.
Previously a Medical Board certified petitioners’ injuries as service-connected. This notwithstanding, they were retired on an ordinary disability basis, due to a deadlock on the respondent Board of Trustees. (See Matter of City of New York v. Schoeck, 294 N. Y. 559.)
Upon review by the Appellate Division in this department, the court observed that proceedings before the trustees are ex parte and that petitioners have no right to submit evidence or dispute any evidence submitted. ‘1 Where, however, the Board of Trustees rejects the report and certification of the * * * Medical Board * * * the trustees are bound to base their determination upon proper data and evidence.” (Matter of Meschino v. Lowery, 34 A D 2d 255, 258.) It was the conclusion of the court (p. 259) that the “ record lacks proper bases for the failure of the Board of Trustees to grant the petitioners’ applications”. It, therefore, directed that the trustees either accept the conclusions of the Medical Board, or, in the alternative, reopen their proceedings to take whatever evidence would be necessary to reach a conclusion as to the cause and origin of each petitioner’s disabilities and to show the bases for their conclusions.
This notwithstanding, upon remand, certain of the respondents have taken the position that the alternative directed by the Appellate Division was not a full adversary hearing, but rather some hybrid procedure whereby the trustees could take testimony of witnesses without confrontation or cross-examination by petitioners. It is noted that the Board of Trustees itself is again deadlocked on this procedural issue.
Distinction was made in the court’s opinion (p. 258) between ordinary proceedings before the board where petitioner has no *392 right “ ‘ to submit evidence or dispute any evidence submitted ’ ’ ’ (emphasis supplied) and special situations, such as the one at bar. The proceedings urged by respondents bar the disputation by petitioners of evidence submitted to the trustees.
.Since the trustees are unable to agree on the form of presentation .of evidence directed by the Appellate Division, it is the view of the court that, in those particular circumstances, the only appropriate procedure would be .in the nature of an adversary proceeding.
In view of the foregoing, respondents- are directed to adopt the recommendations of the Medical Board, .or within 30 days of entry of the judgment herein schedule a full-dress adversary hearing on the issues, at which petitioners and counsel may be present and confront and cross-examine adversary witnesses, and -at the conclusion of which the trustees should make findings and state the bases of their conclusions.