■ IRVING & WILLIAM H. STARK, INC., Respondent, v. MILBERG FACTORS, INC., Appellant.— Order, Supreme Court, New York County, entered July 26, 1971, denying appellant's motion to rehear and renew an application theretofore made by petitioner to compel appellant to turn over property belonging to a judgment debtor, unanimously reversed, on the law, and the motion to renew granted, and upon such renewal, the judgment entered on July 28, 1971 is vacated and petitioner's application is granted to the extent of directing a trial of the issues generated by the petition and cross-motion. Appellant shall recover of respondent one bill of $50 costs and disbursements of this appeal. (See *Matter of First Small Inv. Corp.* v. *Zaretsky,* 46 Misc 2d 328.) Petitioner, a judgment creditor of Kinetic International Corp., has not, as a matter of law, sustained its burden of proving that the $7,500 held by appellant belonged to Kinetic, the judgment debtor (CPLR 5225, subd. [b]). Actually, the documentary proof seems to indicate otherwise. However, in the interests of justice we feel that the petitioner should have an opportunity of developing facts at a hearing where appellant and Aetna Factors Corporation, Ltd., can be examined with respect to the source and ownership of the $7,500 and its status as a fund subject to Aetna's security interest. In view of the above disposition, the appeal from the judgment of Supreme Court, New York County, entered on July 28, 1971, is unanimously dismissed as academic, without costs and without disbursements. Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and McNally, JJ.

■ In the Matter of ANTHONY J. MESCHINO et al., Respondents, v. ROBERT O. LOWERY, as Fire Commissioner of the City of New York, et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County, entered April 28, 1971, affirmed, without costs and without disbursements. We agree with Special Term that the proceedings for which we previously remanded to the Trustees (34 A D 2d 255) should be adversary in nature, with an "opportunity to confront and cross-examine adverse witnesses" (*Goldberg* v. *Kelly,* 397 U. S. 254, 269). However, we hesitate to adopt Special Term's description of the hearing as "full dress." It will suffice for its purposes if carried on within the well-recognized standards of any fair administrative hearing. Concur — McGivern, Markewich and Murphy, JJ.; Stevens, P. J., dissents in part in the following memorandum: I would modify to remand to the Board of Trustees with a direction to reopen the matter for the purpose of receiving such further evidence as either side might wish to present on the issues. In my view neither our prior decision (34 A D 2d 255), nor the case cited by the majority (*Goldberg* v. *Kelly,* 397 U. S. 254) mandates a full dress hearing, adversary in nature, in a proceeding of this kind (*Matter of Martucci* v. *Board of Trustees,* 18 A D 2d 3). [66 Misc 2d 390.]