In the Matter of Kew Gardens Sanitarium, Inc., et al., on Behalf of Themselves and All Others Similarly Situated, Appellants-Respondents, v Robert P. Whalen, as Commissioner of the Department of Health of the State of New York, Respondent-Appellant.

In the Matter of Medical Arts Sanitarium, Inc., Appellant-Respondent, v Robert P. Whalen, as Commissioner of the Department of Health of the State of New York, Respondent-Appellant.

Third Department, December 30, 1976

*DeGraff, Foy, Conway & Holt-Harris (Robert H. Iseman* of counsel), for Kew Gardens Sanitarium, Inc., and others, appellants-respondents.

*Louis J. Lefkowitz, Attorney-General (CLifford A. Royael* and *Ruth Kessler Toch* of counsel), for respondent-appellant.

SWEENEY, J. Petitioners are proprietary hospitals organized and existing under article 28 of the Public Health Law. Pursuant to subdivision 3 of section 2807 of said article, respondent is charged with the duty and obligation of determining and certifying to the Superintendent of Insurance and Budget Director that the proposed rate schedule for payments to hospitals by governmental agencies are reasonably related to the costs of efficient production of health-related services. The section further provides that in making such certification respondent shall take into consideration certain factors, including cost, geographical differentials in elements of costs and several others. Respondent promulgated regulation 10

NYCRR 86.9 (d) which, among other things, limits reimbursements by a formula based upon minimum utilization rates of 60% for maternity, 70% for pediatrics and 80% for medical-surgical care. All petitioners have facilities which are being used at less than the minimum utilization rates set forth in the regulation in question. Each petitioner requested respondent for a waiver of the provisions of the section and in each case it was denied without a hearing. The instant proceedings were commenced seeking (1) to have section 86.9 (d) declared invalid and unconstitutional, and (2) directing respondent to reimburse petitioners for sums lost by virtue of enforcement of the section and further directing respondent to hold formal evidentiary hearings with respect to waiver applications. Special Term determined that subdivision (d) of section 86.9 is valid and constitutional but concluded respondent's denial of the waiver application was arbitrary and directed respondent to hold full hearings on the waiver applications and further directed respondent not to deny waivers upon any ground not reasonably related to cost efficiency. These cross appeals ensued. Each party appeals from the adverse portion of the judgment as it so affects them.

We are basically concerned with two issues. The validity of subdivision (d) of section 86.9 and the propriety of the denials of the waiver applications without a hearing.

We first consider the validity of the regulation and note that petitioners urge several infirmities in it allegedly requiring reversal. It is well established that the Legislature may delegate to administrative agencies the discretionary power to formulate rules and regulations to effectuate the provisions and purposes of a statute *(Matter of City of Utica v Water Pollution Control Bd.,* 5 NY2d 164). Since the initial function of establishing rates is a legislative one, a hearing is not a prerequisite unless the Legislature so directs *(Wasservogel v Meyerowitz,* 300 NY 125). None was directed in the instant legislation and, consequently, none is required by it. Petitioners argue, however, that to impose a reduced rate for health services prior to a hearing amounts to a denial of due process. We disagree. If petitioners are aggrieved by the regulation, they may apply for a waiver for decertification of beds which, in effect, negates the utilization rate.

From our analysis of the pertinent sections of article 28 we are of the view that there is a reasonable basis for the

respondent's determination that application of the regulation in question will result in rate schedules which are reasonably related to the costs of efficient production of hospital services and, therefore, his determination should not be disturbed (*Matter of Sigety v Ingraham,* 29 NY2d 110). Furthermore, it in no way violates the supremacy clause of the United States Constitution as contended by petitioners. We are, therefore, of the view that Special Term properly determined subdivision (d) of section 86.9 valid and constitutional.

As to the denials of the waivers, petitioners urge three reasons to establish their invalidity which they contend mandates an affirmance of Special Term. We agree. The reimbursement petitioners receive for their services is critical to a successful financial operation of the hospital. To deny each petitioner a hearing deprives it from demonstrating that its particular factual situation justifies the granting of the waiver. Such action by the respondent is judicial in nature and, under the circumstances, due process requires each petitioner be given an opportunity to be heard and to present evidence to establish a waiver was warranted (*Matter of Hecht v Monaghan,* 307 NY 461). We also agree with petitioners' contention that the denial on the conclusory statement that granting the waiver was "not found to be a matter of public interest and necessity" was improper (*Matter of Meschino v Lowery,* 38 AD2d 526, mod on other grounds 31 NY2d 772).

Finally, it was also improper for respondent to deny the application of a waiver because of alleged operational and structural deficiencies based on the "Life Safety Code". The regulation in question was formulated pursuant to subdivision 3 of section 2807 of the Public Health Law dealing with hospital efficiency. A denial of a waiver predicated on factors unrelated to the reasonableness of hospital costs was arbitrary since it was based on grounds respondent could not consider (*Matter of Larkin Co. v Schwab,* 242 NY 330). This is so even though the reasons given might prove a public benefit, since the respondent lacked the authority to impose it.

We have considered all other issues and arguments raised by the parties and find them unpersuasive.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, KANE and MAHONEY, JJ., concur.

Judgment affirmed, without costs.