■ In the Matter of RICHMOND MEMORIAL HOSPITAL & HEALTH CENTER, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, Appellant.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the appellant, dated October 9, 1985, which denied the petitioner's application for an increase in its 1983 third-party reimbursement rates based upon the "trend factor" used for members of the League of Voluntary Hospitals, the appeal is from a judgment of the Supreme Court, Richmond County (Leone, J.), dated September 8, 1987, which granted the petition, annulled the determination, and directed the appellant to recalculate the petitioner's 1983 third-party reimbursement rates using the "trend factor" applicable to members of the League of Voluntary Hospitals.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed the appellant to use the "trend factor" applicable to members of the League of Voluntary Hospitals in recalculating the petitioner's 1983 third-party reimbursement rates; as so modified, the judgment

is affirmed, without costs or disbursements, and the matter is remitted to the appellant for a recalculation of the petitioner's 1983 third-party reimbursement rates based on factors other than the fact that the petitioner was not a member of the League of Voluntary Hospitals.

In this proceeding, the petitioner seeks review of a determination of the appellant Commissioner of the New York State Department of Health, denying its application for an increase in its 1983 Medicaid, Blue Cross, workers' compensation and no-fault reimbursement rates based upon a "trend factor" applicable to members of the League of Voluntary Hospitals.

Pursuant to an agreement entered into in 1982 between the League of Voluntary Hospitals (hereinafter the League), which serves as the collective bargaining agent of its member hospitals, and the appellant, the State agreed to increase third-party reimbursement rates for League hospitals to meet increased labor costs which resulted from a July 1, 1982 collective bargaining agreement between the League and District 1199 of the National Union of Hospital and Health Care Employees (hereinafter the Union). The petitioner, although not a League member, entered into an agreement with the Union binding it to the terms of the collective bargaining agreement between the Union and the League.

In December 1983 the petitioner applied to the appellant for recalculation of its 1983 third-party reimbursement rates to reflect the increased labor costs incurred by it as a result of its July 1, 1982 collective bargaining agreement and asked the appellant to utilize the "trend factor" applicable to League members (hereinafter the League trend factor) in calculating its third-party reimbursement rates. The appellant denied the application on the ground that the petitioner was not a party to the 1982 agreement between the League and the State and therefore was not entitled to reimbursement based upon the League trend factor.

After the petitioner's request for a hearing was denied, it brought the instant proceeding claiming that the appellant's determination was arbitrary and capricious and violated the Equal Protection Clause of the US Constitution. The Supreme Court, Richmond County, agreed, annulled the determination, and directed the appellant to recalculate the petitioner's third-party reimbursement rates by employing the League trend factor.

Public Health Law § 2807 (3) establishes the methodology for computing third-party reimbursement rates (*Matter of*

*Stuyvesant Polyclinic v Axelrod,* 117 AD2d 99; *Matter of Samaritan Hosp. v Axelrod,* 107 AD2d 911, *appeal dismissed* 65 NY2d 636). At the time the petitioner's application was denied and it was exhausting its administrative remedies, Public Health Law § 2807 (former [3]) authorized the appellant to certify that reimbursement rates for hospital and health-related services were reasonably related to the costs of efficient production of such services (L 1969, ch 957, § 4). In certifying the rates, the law has been, both then and now, that the appellant must consider "the elements of cost, geographical differentials in the elements of cost considered, economic factors in the area in which the hospital is located, the rate of increase or decrease of the economy in the area in which the hospital is located, costs of hospitals of comparable size, and the need for incentives to improve services and institute economies" (Public Health Law § 2807 [3]).

The appellant improperly relied on the fact that the petitioner was not a member of the League in calculating its third-party reimbursement rates. "It is evident from the statutory language that denial of [the request for the increased rates] predicated on a factor unrelated to the reasonableness of hospital costs was arbitrary because [it was] premised upon a ground that the Commissioner was not authorized to consider under the statute" *(Matter of Society of N. Y. Hosp. v Axelrod,* 70 NY2d 467, 474; *Matter of Kew Gardens Sanitarium v Whalen,* 55 AD2d 226, 229, *affd* 43 NY2d 675; *see also, Matter of Larkin Co. v Schwab,* 242 NY 330, 334).

However, by directing the appellant to recalculate the petitioner's reimbursement rates by using the League trend factor, the Supreme Court impermissibly interfered with the appellant's discretion *(see, Matter of Society of N. Y. Hosp. v Axelrod, supra).* Accordingly, the judgment is modified by deleting that provision and the matter is remitted to the appellant for a new determination of the petitioner's application for increased reimbursement rates based on factors other than the fact that the petitioner was not a member of the League. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.